## THOMAS F. TOMLIN, *et al.*

### *v.*

## LYNN M. GREEN, *et al.*

1. APPEAL BOND—*in forcible entry and detainer—its requisites.* An appeal bond, in a case of forcible entry and detainer, is the same as that required in other appeals, with the addition of a clause for the payment of the rents pending the appeal.

2. SAME—*effect of conditions not required by statute.* When an appeal bond contains conditions which are not required by the statute, such conditions are not obligatory upon the makers.

3. So where an appeal bond, given in a case of forcible entry and detainer, contained a condition for the payment of all damages that had or should accrue by reason of the forcible entry and detainer, *held*, that it was a condition not required by the statute, and therefore void.

4. DAMAGES—*in an action on an appeal bond in forcible entry and detainer.* In such an action damages resulting from the forcible entry and detention of the premises, apart from the rental thereof, are not recoverable.

APPEAL from the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

The opinion states the case.

Mr. LYMAN LACEY, for the appellants.

Mr. THOMAS P. COWAN, for the appellees.

15—39TH ILL.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Green sued Tomlin in an action of forcible entry and detainer, and recovered judgment. Tomlin appealed and gave an appeal bond conditioned as follows:

"Now, if said T. F. Tomlin should prosecute his appeal with effect .and without delay, and should pay appellees the full value of the rents and profits of said land, and all damages that have and shall accrue to appellees for the forcible entry and detainer of said premises, and all costs, interest and damages in case said judgment should be affirmed, then said bond was to be void; otherwise, to remain in full force."

On the trial of the appeal, Green recovered another judgment, and then commenced the present suit upon the appeal bond. Upon the trial below, the court permitted a witness to testify, against the objections of the defendant, that the damages for being kept out of possession during the pendency of the appeal, exclusive of the rent, would be from four to five hundred dollars, although he did not state in what such damages would consist.

The court instructed the jury as follows:

"Defendants are bound to account for what would be the reasonable rent, if it was fully cultivated, and also the damages resulting to the plaintiffs for the forcible entry and wrongfully holding the possession of the land described in the bond, whatever the plaintiffs prove that to be."

The jury found the following verdict:

| | |
|---|---|
| " We, the jury, find for the plaintiffs a judgment of balance on rent, | $50 00 |
| "Plaintiffs' costs, | 55 35 |
| "Damages for forcible detainer, | 250 00 |
| " Total judgment | $355 35 |

A motion for a new trial was overruled.

This evidence, instruction and verdict were all improper. The justice of the peace, who took the appeal bond, had no

right to insert any conditions not required by the statute, and such conditions were not obligatory upon the makers. The statute, in regard to appeals, in cases of forcible entry and detainer, merely required the insertion of a clause for the payment of rents pending the suit. In other respects, the bond was to be the same as in other appeals, and in them the condition is simply for the prosecution of the appeal with effect, and for the payment of whatever judgment may be rendered upon its trial. There is nothing in the statute authorizing the condition found in this bond for the payment of damages. The bond being taken as a condition of the right of appeal, cannot go beyond the requirements of the statute, and any obligation beyond that is void. In the case before us, the jury expressly find $250 as damages, apart from the rental. The verdict should have been set aside. The judgment is reversed and the cause remanded.

*Judgment reversed.*