*Jonathan Boynton* v. *David S. Jackway et al.* W. L. F. WARREN, for the appellant; T. R. STRONG, for the respondents. This was an appeal from a decision of the vice chancellor of the seventh circuit, denying the application of a purchaser at a master's sale for a writ of assistance to put him in the possession of the mortgaged premises. The writ of assistance was asked against the mortgagor, who was a party to the suit, and against his two sons who were not parties, and who were in the same family with him upon the premises. The premises formerly belonged to the father of the mortgagor, the grandfather of the other respondents, who conveyed fifty acres thereof to D. S. Jackway the mortgagor, in 1814.

*Power of court to give posses. sion to purchaser at a master's sale.*

*Writ of assistance.*

In 1829 the latter went into possession of the house on the premises; and in 1833 his father altered the deed of the fifty acres so as to make it embrace one hundred and fifty acres of the premises. In 1834 D. S. Jackway mortgaged the whole farm, embracing about 180 acres, to secure the payment of about $624 and interest, which mortgage was foreclosed in this suit. At the time of the commencement of the foreclosure suit in 1839, the mortgagor and his two sons were living together in the house on the premises, and as they all swore, the sons were tenants of the grandfather, and occupied the farm upon shares, under him, from the spring of 1837. They also claimed that the mortgagor and his father had lost all title to the farm, which was worth about $9000, under a sheriff's sale previous to 1819, upon a judgment against them recovered in 1816, upon which sale G. Clark had purchased the farm for $38, under which sale the sons of the mortgagor claimed to have derived title to the premises subsequent to the master's sale in the present case.

The Chancellor. As the property was bid off by Clark previous to April, 1819, for a mere nominal sum, and the premises have been held by W. Jacques and his son ever since, without any claim of title under the sheriff's deed for more than twenty years, there can be very little doubt that the attempt to overreach the mortgage by purchasing in the title under the sheriff's sale is a fraud upon the purchaser under the master's sale in this suit. The fact that the sons redeemed the premises when the same had been sold under a subsequent judgment against their father, is also inconsistent with the supposition that they believed he had no interest in the premises, either possessory or otherwise, in 1842. But as the father and sons all swear that the sons were in possession of the premises at the time of the commencement of the foreclosure suit, they cannot be turned out of possession upon a writ of assistance to be issued in this suit.

The power of this court to give possession to the purchaser at the master's sale, by a summary proceeding, only extends to those persons who are parties to the foreclosure suit, or who have come into possession under or with the assent of

those who are parties, subsequent to the commencement of the suit. It makes no difference, therefore, whether these two respondents were, at the commencement of the foreclosure suit, tenants of the premises under their father or under their grandfather. As to the 150 acres embraced in the deed which was altered in 1833, there can be no doubt that the mortgagees and those claiming under them would be entitled to the possession of that part of the premises, not only as against the mortgagor but also as against the grantee in that deed and his grandsons, who swear they went into possession under him since the giving of that deed and the execution of the mortgage. For if, as is alleged, the grantee in the deed of the 150 acres was entitled to the possession for life, under an agreement with the person who claimed title under the sheriff's deed, he transferred his life interest to his son in the 150 acres by the alteration of the deed in 1833, and was merely tenant at will to the son subsequent to that time. And if he has put his grandson in possession, with the permission, either express or implied, of the mortgagor, subsequent to the mortgage, they cannot be permitted, in an ejectment suit brought by the purchaser at the master's sale, to set up an adverse title acquired by them subsequent to the mortgage, to prevent his enjoying the possession of the premises, at least during the life time of their grandfather. But to enable this court to divest them of that possession by a writ of assistance in this suit, the complainant should have made them parties to the suit, as persons who had gone into possession under the mortgagor or with his assent, subsequent to the mortgage. The vice chancellor was therefore right in refusing the writ of assistance as to the two sons of the mortgagor who were not parties to the suit.

I am not satisfied, however, that the mortgagor was not in the actual possession of some part of the house, at least, at the time of the commencement of the foreclosure suit in February, 1839. It is not pretended that the mortgagor rented the whole house to them, so as to deprive him of the right to remain there with his family ; and as the house belonged to him, and not to the father, under the deed of the 150 acres,

there does not appear to be any ground for supposing he would relinquish the possession in favor of his father or those who were to work the land on shares. Indeed I can see no good reason for relinquishing the possession of any part of the 150 acres to the tenants of his father, unless his object was to defraud the mortgagees or some other creditors. And the mortgagee does not swear explicitly to the fact that he ever agreed with his father or with his sons to relinquish the exclusive possession of any part of the premises to either of them.

The order appealed from, so far as relates to a writ of assistance as against the mortgagors and to the costs of opposing the application, must be reversed, so as to enable the purchaser at the master's sale to divest the mortgagor of his possession ; if the purchaser does not wish to join him as a defendant in the ejectment suit which he may think proper to bring against his sons to recover the possession of the premises. The order must direct a writ of assistance to issue as to him, but not as to the sons ; and neither party is to have costs as against the other, either upon the original application or upon this appeal.

Proceedings remitted to the vice chancellor.