LEWIS GOODNOUGH, and FRANCIS WARNER, Appellants, *v.* JOHN SHEPPARD, Appellee.

ERROR FROM LASALLE.

A person in the quiet possession of real estate as owner, may obtain an injunction to restrain others from dispossessing him by means of process growing out of litigation to which he was not a party.

THE facts of this case are fully stated in the opinion of the Court.

GRAY, BUSHNELL & AVERY, for Plaintiff in Error.

BREESE, J. This was a bill in chancery filed in the Circuit Court of LaSalle county, praying for an injunction against the appellants, restraining them from executing a writ of *habere facias possessionem* against one Jefferson Wall, which writ had been issued by the LaSalle County Court in usual form.

The bill of complaint shows that appellee, on the 3rd day of May, 1856, purchased Lot 4, in Block 2, in Days' Addition to the town of Ottawa, of one Cornelius B. Reynolds, for one hundred and fifty dollars; that a deed of the premises was executed and delivered to appellee, and that on the 8th day of July, 1856, the appellee took possession of the dwelling-house on said premises, and continued in the possession thereof until the filing of the bill of complaint.

That appellee had been notified by Francis Warner, sheriff

of said county, that he had a writ of possession, commanding him to deliver possession of the premises to Lewis Goodnough, by virtue of the judgment and determination of the County Court of said LaSalle county, in a proceeding of forcible entry and detainer by Goodnough against Jefferson Wall, and brought by appeal into said County Court, from the docket of A. B. Smith, a justice of the peace, before whom the action was originally tried.

The bill alleges, that Sheppard was not a party to that suit; that he purchased the premises in good faith, and held the possession thereof in good faith. The bill also alleges, upon information, that the said Jefferson Wall, on or about the 8th day of April, 1855, abandoned the possession of the premises; that appellee took possession of the premises by virtue of his deed of conveyance, and not by any collusion with Wall.

The appellee disclaims holding any interest in the premises, by, through or under Goodnough, and claims title thereto only by virtue of the deed of conveyance to him by Reynolds.

That Goodnough had claimed, in the presence and hearing of divers persons, to be the rightful owner of the premises; but the bill denies all right and title in Goodnough to them, etc., and claims title in appellee.

The bill admits that appellant Goodnough claims title to the premises by virtue of a deed from Sylvanus Crook, and that one Lavina and Fredenberg conveyed the premises to Crook, and that the deed was recorded May 15th, 1854, and that the deed from Reynolds to appellee, of the premises, was filed for record on May 12th, 1854, three days before the deed under which appellant Goodnough seeks to hold the premises.

The appellee disclaims all knowledge of the first conveyance by Lavina and Fredenberg to Crook, until the same was placed upon the record as aforesaid; that appellee believed, when he bought the premises from Reynolds, that the same were free from incumbrance, and that Reynolds had the absolute title thereto. The bill then charges, that the only title the appellant, Goodnough, had to the premises was by virtue of a bond or agreement by Crook to Goodnough. Prayer for an injunction, etc.

Goodnough *et al. v.* Sheppard.

At the November term, 1856, the appellants appeared and filed their demurrer to the bill of complaint in usual form, and on February 24th, 1857, at special term of said Circuit Court, the court overruled the demurrer to bill of complaint, and made the injunction perpetual. Appellants appealed to this court, and assign as error: overruling the demurrer to bill of complaint; rendering final judgment against appellants below; and rendering judgment for costs against appellants.

It would be a most extraordinary feature in the judicial polity of this State, if its courts possessed no power to protect a man in the enjoyment of property, of which he is the rightful owner and in peaceable possession under an unchallenged title. Such is this case. The authorities cited by the appellants might have some application, was Wall a party complaining, but have no application whatever to this case, the appellee not claiming under Wall, not a party or privy to the action of Goodnough against Wall, but holding the possession under a distinct and independent title, derived from one Reynolds, and obtaining that possession in a lawful and peaceable manner, for all this is admitted by the demurrer to the bill.

The sheriff had a writ of possession against Wall, not against the appellee, under which he threatened to put the appellee out of the possession of his own property. Defective, indeed, would be our laws, if no power existed in a court of chancery, to prevent such an injury, and unheard-of attempted violation of right. What had the appellee to do with the proceedings of Goodnough against Wall, in the action of forcible detainer? They could not affect him in any possible way, he being in possession under an independent title, not derived from either of the parties litigating.

The case is so palpable that it is impossible to reason upon it. It is a plain case of an attempt, by process of law against one party, to subject another party and a stranger, to the inconvenience of being turned out of the possession of property which he lawfully owns, without any judgment or process against him. A bare statement of the case is alone necessary to show its injustice, and the propriety of the interposition of the court, to stop, in the most summary and expe-

ditious mode, such a proceeding. The bill is full of equity, and presents a flagrant case for the exercise of the restraining power of the court, and the court did right in making the injunction perpetual. The decree must be affirmed.

*Decree affirmed.*