JOSHUA N. BRUSH

*v.*

JOHN FOWLER.

36  53
131  83
22a 657
25a 624
36b  53
81a 301
36b  53
182 450

1. WRIT OF POSSESSION — *against whom it may go.* A writ of possession can only go against the parties to the suit in which it is issued, or against those who have come into possession under them since the commencement of the suit.*

2. JUDGMENT — DECREE — *only parties affected thereby.* No one can be injuriously affected by a judgment or decree of any court who was not a party to such judgment or decree.

3. WRIT OF POSSESSION — *upon whom it may be executed.* A party in possession of premises before and at the time of the commencement of a suit in chancery to foreclose a mortgage, and who is not a party thereto, cannot be subjected to a writ of assistance which may issue in such suit.

4. JUSTIFICATION OF OFFICER, *under a writ.* A writ of assistance issued in a suit in chancery to foreclose a mortgage, will not justify the officer to whose hands it may come, in putting out of possession of the premises a party who was neither a party to the suit nor named in the writ.

* See *Jackson* v. *Warren*, 32 Ill. 331.

5.  Before the officer could justify under such a writ in an action of trespass brought by the person put out of possession, he would be required to show, for his protection, a decree, as well as the writ.   Mr. JUSTICE BECKWITH *dissenting.*

6.  DUTY OF THE OFFICER, *in such a case.*   When the officer to whose hands the writ comes, finds a person in possession who is not named in the writ, he is thereby informed that the judgment was not against him, and he should return the writ with the fact that such person was in possession of the premises, so that he was unable to execute it.

7.  THOUGH THE OFFICER BE JUSTIFIED, *the party may not be.*   But, even if the officer would be protected in the execution of a writ upon a person not amenable thereto, the party suing it out and causing it to be improperly executed, cannot be justified, nor can he claim any rights or immunities under it, nor any person through him.

8.  INJUNCTION — *when it may issue.*   A person in the quiet possession of real estate, claiming as owner, may obtain an injunction to restrain others from dispossessing him by means of a writ of possession issued on a judgment to which he was not a party.

9.  FORCIBLE ENTRY AND DETAINER — *when it will lie.*   Or, if the party has been put out of possession under such a writ, he may resort to his action of forcible entry and detainer to restore to him the possession from which he has been forcibly and unlawfully ejected.

10.  DAMAGES NOT RECOVERABLE *in forcible entry and detainer — but if only nominal, the judgment will not be reversed.*   In an action of forcible entry and detainer the verdict was for the plaintiff, and one cent damages were given. On appeal by the defendant, it was held that damages could not be allowed in this action, but the court refused to reverse for that cause, the merits being clearly with the plaintiff below.

APPEAL from the Circuit Court of Knox county ; the Hon. CHARLES B. LAWRENCE, Judge, presiding

In January, 1859, John Piatt, guardian of the children of John Thompson, deceased, exhibited his bill in chancery in the Circuit Court of Knox county, against Abel Austin, David Mason, A. B. Codding, Warren C. Willard and Jacob S. Chambers, for the foreclosure of a mortgage upon the south half of lot eight, in block two, in the town of Lapier, since called the town of Altona, in said county.

Such proceedings were had in that suit, that a decree of foreclosure was entered therein at the October term, 1859,

authorizing, in default of payment, the sale of forty-six feet off the south end of the said lot eight.

A sale was made under the decree, the complainant, Piatt, becoming the purchaser, to whom the master executed a deed for the premises.

Subsequently, on motion of the complainant, the Circuit Court directed the clerk thereof to issue to the sheriff of Knox county, a writ of assistance to run against the defendants in the suit for foreclosure, and all persons claiming under them since the commencement thereof.

A writ was accordingly issued, as follows ·

STATE OF ILLINOIS, } ss.
   Knox County,

*The People of the State of Illinois, to the Sheriff of Knox County, Greeting:*

Whereas, John Piatt, guardian of the children of John Thompson, deceased, has lately, in the Circuit Court, held in and for the county of Knox, by the judgment of the said court, recovered against Abel Austin, David Mason, A. B. Codding, Warren C. Willard and Jacob S. Chambers, defendants, the following premises, to wit:

The south half of lot eight (8), in block two (2), in the town of Lapier, in the county of Knox and State of Illinois.

Which said premises have been and are still unjustly withheld from the said John Piatt, guardian as aforesaid, by the said Abel Austin, David Mason, A. B. Codding, Warren C. Willard and Jacob S. Chambers, whereof they are convicted, as appears to us of record.

And forasmuch as it is adjudged in the said court, that the said John Piatt, guardian as aforesaid, have execution upon his said judgment against the said Abel Austin, David Mason, A. B. Codding, Warren C. Willard and Jacob S. Chambers, according to the force, form and effect of his said recovery; therefore we command you, that without delay you deliver to the said John Piatt, guardian as aforesaid, possession of the premises so recovered, with the appurtenances.

And that you certify to the said court, at Knoxville, on or

before the first day of the next term thereof, in what manner you shall have executed this writ.

Witness, etc.

This writ came to the hands of the sheriff, who, upon proceeding to execute the same, found the premises in the possession of John Fowler, whom he dispossessed, and placed Piatt in possession. The sheriff made return of his action under the writ as follows :

" I have, this 21st day of March, 1862, executed the within writ by putting John Fowler out of the possession of a piece of land forty-six feet north and south, off the south side of lot eight, block two, in the town of Altona, (formerly Lapier) Knox county, Illinois, and put John Piatt in possession of the same.                    E. C. BROTT, *Sheriff.*"

Piatt at once put. Joshua N. Brush in possession of the premises. Thereupon, Fowler commenced his action of forcible entry and detainer against Brush, for the recovery of the possession. The cause was brought into the Circuit Court by appeal, upon the trial of which, the plaintiff, Fowler, proved that he was in possession of the premises in October, 1858, prior to the commencement of the suit for foreclosure, under David Mason, one of the defendants therein, and so continued until forcibly ejected therefrom by the combined act of Brott, the sheriff, Piatt and Brush, the latter still remaining in possession.

The plaintiff having made out a *prima facie* case, the defendant, Brush, then offered in evidence, the proceedings before mentioned, in the suit for foreclosure, including the writ of assistance issued therein.

The defendant also offered to prove that after the mortgage, to foreclose which the suit in chancery had been brought, was recorded, David Mason, one of the defendants in that suit, took possession of the premises under Abel Austin, and that the plaintiff in this suit, Fowler, afterwards, in October, 1858, took possession as the tenant of Mason.

Defendant further offered to prove that after the making of

the deed from the master to Piatt, the plaintiff attorned to and became the tenant of Piatt, and that after such tenancy expired, and before the execution of the writ of assistance, Piatt had in due form, in writing, demanded from the plaintiff the possession of the premises.    Defendant also offered to prove that the plaintiff, after he became tenant to Piatt, set up title to the land in controversy, in himself, adverse to the title of Mason and Piatt, and repudiated their title thereto, and repudiated them as landlords.    Also, that Brott, the sheriff, took possession under the writ of assistance mentioned.

The Circuit Court refused to admit any of the matters so offered in evidence by the defendant, to which he excepted.

The jury returned a verdict as follows:

"We, the jury, find the defendant guilty in manner and form charged in plaintiff's bill of complaint, and assess his damages for wrongfully withholding of the premises at the sum of one cent."

Motions for a new trial and in arrest of judgment were overruled, and judgment was entered upon the verdict, from which the defendant took this appeal.    The principal question arising in the case, is, whether Fowler, not being a party to the suit in chancery for foreclosure, nor coming into possession of the premises *pendente lite*, was amenable to the writ of possession issued therein.

Messrs. DOUGLASS & CRAIG, and Mr. J. C. FITNAM, for the Appellant.

Mr. A. TYLER, and Mr. T. G. FROST, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case turns upon the question whether the court decided correctly in refusing certain proof offered by the appellant, the defendant in the court below.

The action was for forcible entry, and the plaintiff, it is admitted, made out a *prima facie* case, one which entitled him

4 — 36 ILL.

to recover,·unless the defendant could establish a legal defense by the evidence he proposed to offer.　:

To make out this defense, the defendant offered in ·evidence the writ of possession granted by the court, in connection with · the mortgage and decree of foreclosure and sale and deed by the master, for the purpose of· showing authority to take possession of the premises.

The record shows, that the foreclosure suit was in · the name of John Piatt, guardian of the children· of John Thompson, against Abel Austin, David Mason, A. B. Codding, Warren C. Willard and Jacob S. Chambers. ·The record shows, that the writ of possession was directed to run, and ·did run, against these·defendants and all persons claiming under them since the commencement of the suit. The evidence·shows, that appellee went into possession some time prior to the· commencement of the chancery suit, and was in peaceable possession at the time of the commencement of the suit, and of the entry of the decree and issuing the writ, under David Mason, one of the defendants. He was not made a party to the· foreclosure suit, and was not, therefore, concluded by the decree. Story's. Eq. Pl., sec. 151. A writ of possession can only go against the parties to the suit, or against those who have come into possession under them since the commencement of the suit. *Frelinghysen et al.* v. *Colden*, 4 Paige, 204; *Van Hook* v. *Throckmorton*, 8 ib. 33; *Sea Ins. Co.* v. *Stebbins*, ib. 565.

These cases go the full length of holding that a party in possession before and at the time of the commencement of the suit, is not affected by the decree, or subjected to the writ of assistance. This being the law, appellant could not use this decree and writ as a justification for his entry into the premises. None of the facts offered to be given in evidence, would. justify the forcible dispossession of appellee in the manner stated in the complaint, and as appears by the sheriff's' return. By that, it seems·he put appellee out of the house, forcibly of course, and put Piatt in.

We understand the doctrine ·to be universally recognized, that no one can be injuriously affected by a ·judgment or decree

of any court who was not a party to such judgment or decree. The decree, therefore, and writ of assistance, were, as to appellee, of no effect. The former did not conclude his rights, nor could the latter be enforced against him. Piatt should have brought an action of forcible detainer against him, in which, from all that is shown, and proposed to be proved, he might recover the possession. The rights of appellant are not superior to those of Piatt.

But it is said, the sheriff having the writ of assistance, was bound to execute it, and he was, therefore, justified in putting the appellee out, and putting Piatt in possession.

The writ not being against appellee on its face, but against other and different parties, we are unable to see how the sheriff can be justified in executing it upon the appellee. Appellee was not named in the writ, and the sheriff was informed by it that the judgment was not against him, but other parties. He should then have returned the writ with the fact, that appellee was in the possession of the premises, and so he was unable to execute it.

Before the officer could justify under this writ, in an action of trespass brought by the appellee against him, he would be required to show, for his protection, a judgment, as well as the execution. *Jansen* v. *Acker et al.*, 23 Wend. 480. Where neither contains the name of the party whose property is seized, we cannot perceive on what principle the officer can justify the seizure. But the officer is not a party in this proceeding, and if it be admitted he would be justified by the writ, if he were a party, the party suing it out and causing it to be executed in the manner it was executed, cannot be justified, nor can he claim any rights or immunities under it, nor any person through him. Piatt having no right to dispossess appellee, by the mode he adopted, his assignee can acquire no rights thereby. If the appellee did attorn to Piatt, if his tenancy had expired and he held over wrongfully, the law, by its quiet and peaceful operation, afforded a complete remedy. This case is, in principle, quite like the case of *Goodnough et al.* v. *Sheppard*, 28 Ill. 81, in which it was held, that a person in the quiet possession of

real estate, claiming as owner, might obtain an injunction to restrain others from dispossessing him by means of a writ of possession issued on a judgment to which he was not a party. So the appellee in this case could have applied for and obtained an injunction, or, waiving that, can resort to the action he now prosecutes, to restore to him the possession from which he has been forcibly and unlawfully ejected.

As to the verdict for one cent damages, though damages cannot be allowed in such action, we will not reverse the judgment for that cause, the merits being so clearly with the appellee.

The judgment must be affirmed.        *Judgment affirmed.*

Mr. Justice Beckwith: I do not concur in so much of the reasoning of the court, as would render an officer liable in trespass for executing a writ of possession or writ of assistance. In my judgment an officer is protected in executing such a writ, whether rightly or wrongfully issued. The writ requires him to take possession of certain specified property, without regard to who is in possession of the same; and no court ought to allow its officer to be treated as a trespasser for executing its mandate.