CHARTER OAK LIFE INSURANCE COMPANY, Respondent, *v.*
ROBERT CUMMINGS ET AL., Appellants.

### December 12, 1882.

1. LANDLORD AND TENANT — PRINCIPAL AND AGENT. — A person put in possession of real property by an agent of the owner, without knowing who is the owner or for whom the agent acts, is a tenant of the owner.

2. EJECTMENT — SERVICE OF SUMMONS. — Service of summons in ejectment must be had upon the tenant in possession.

3. —— JUDGMENT. — A judgment in ejectment in an action begun against one not in possession, is void.

4. INJUNCTION — VOID JUDGMENTS. — A court of equity will enjoin the execution of such a judgment, at the suit of one in possession claiming title and who was not a party to the former suit.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed*.

D. T. JEWETT, for the appellants : Possession is actual or constructive. It follows the title, and, unless actual adverse possession is shown, the lawful possession is presumed to be and is with the owner of the title. — *Turner* v. *Baker*, 64 Mo. 245; *Moore* v. *Perry*, 61 Mo. 174. A suit in ejectment must be in the name of the holder of the legal title; a *cestui que trust* cannot maintain ejectment. — *Baker* v. *Nall*, 59 Mo. 265. Ejectment can only be maintained on the title as it stood at the commencement of the action. — *Norfleet* v. *Russell*, 64 Mo. 176. Trespass can be maintained on constructive or presumptive possession — no open adverse possession being proved. — *Cochran* v. *Whiteside*, 34 Mo. 417. Constructive or presumptive is such possession as follows the title, when no adverse possession is shown. — *Moore* v. *Perry*, 61 Mo. 174. One judgment in ejectment is no bar to another. — *Kimmel* v. *Benner*, 70 Mo. 52.

J. S. FULLERTON, for the respondent. HUGO MUENCH, of counsel : "The general principle in an action of

ejectment is, that the plaintiff must prove the defendant in possession of the premises sued for." — *Atwell* v. *McLure*, 4 Jones, 371. "The action must be brought against 'one in actual possession of the land.'" — Tyler on Eject. (ed. 1874) 472. "Against one in possession in fact."— *McDowell* v. *King*, 4 Dana, 67. "The action shall be brought only against the person in possession of the premises claimed."— Rev. Stats., sect. 2243. To entitle plaintiff to recover, he must show that at the time of the commencement of the action the defendant was in possession of the premises claimed."— Rev. Stats., sect. 2247. The judgment being void, the trial court properly granted the relief prayed for by perpetually enjoining the writ of possession. — *The State to use* v. *Tiedemann*, 69 Mo. 306; *Chambers* v. *King*, 16 Kan. 270; *Coulter* v. *Hatsfield*, 3 Yerg. 366; *Guier* v. *Canfield*, 20 Iowa, 79.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding in equity to enjoin the execution of a writ of possession issued in pursuance of a judgment in ejectment. The case stands in the record upon the pleadings and the evidence introduced by the plaintiff, the defendant having offered no evidence. The substantial ground on which relief is sought is, that the judgment in ejectment was fraudulently concocted, in this, that the suit was not brought against the tenant of this plaintiff in actual possession at the time when this suit was commenced, but that it was brought and prosecuted to judgment against a non-resident, in whose name the legal title stood of record at the time when the suit was commenced; that there was no service of process upon this non-resident defendant, but only a service by publication; that a judgment was rendered against the said non-resident defendant by default or *nil dicit;* that neither he nor the plaintiff, nor any agent of the plaintiff, ever had any knowledge, in fact, of the bringing of the

suit until it had been prosecuted to judgment and this writ
of possession had been sued out ; and that the plaintiff had
and has a good title to the property.    The evidence shows
that, prior to the commencement of the action of ejectment,
the land in controversy had been held by William M. McPher-
son, under a claim of title ; that he had conveyed it to one
Thoms as trustee, by two separate deeds of trust, to secure
large loans made by this plaintiff to him ; that in 1875,
Thoms had sold the property under the power of sale in
the deed ; that it had been bought in by White, who was
secretary and treasurer of the plaintiff company ; that the
trustee had made a deed to White, which had been put of
record ; that White had no beneficial interest whatever in
the purchase, but that the deed of purchase was taken
in   his   name   as   a   trustee   for   the   plaintiff   company ;
that Thoms at that time lived in St. Louis, and acted
as financial agent of plaintiff ; that William M. McPherson
had died in 1872, and that his son, William M. McPher-
son, Jr., had had, since his death, the charge of his estate
as agent of his executors ; that, after this trustee's sale
was made, McPherson, Jr., continued in charge of the prop-
erty embraced in the sale, as agent of this plaintiff, under
the instruction of Thoms ; that, prior to the sale, namely, in
1874, McPherson, Jr., had placed in a house upon the premi-
ses, Mrs. St. Cyr, a widow lady and a relative of the McPher-
sons, with instructions to hold the premises and keep them
in repair, allowing her, on this condition, to have them
free of rent ; that, after the trustee's sale, Thoms, acting
for the plaintiff, instructed McPherson, Jr., to keep a ten-
ant in possession ; that he kept Mrs. St. Cyr in such pos-
session under such instructions, as tenant for the plaintiff,
though she paid no rent, and that she was in such possession
and living in the house on the premises with her family and
servants in August, 1876, when the action of ejectment was
brought.    Mrs. St. Cyr, on cross-examination, did not ap-
pear to know for whom or what purpose she was holding

possession, except that she was holding it under the arrangement with Mr. McPherson, Jr., already stated. But we think this could make no difference ; for it was not necessary for McPherson, Jr., to disclose the name of the person for whom he was acting as agent, in order to make her, in law, the tenant of such person ; the rule being elementary that a contract with the agent of an undisclosed principal enures to the benefit of that principal. *Briggs* v. *Munchon*, 56 Mo. 467. The evidence leaves no room for doubt that she held the premises as the agent of this plaintiff, which was the beneficial owner at the time the action of ejectment was brought. In 1877, while the action of ejectment was pending, though unknown to White or to this plaintiff, White conveyed the legal title to the plaintiff.

It is averred in the petition that all of these defendants, plaintiffs in the action of ejectment, except one, are non-resident, insolvent, and many of them minors, and that no action at law could be enforced against them. The answer meets this charge by merely denying that all of them are insolvent. The evidence does not touch upon this point. The land consists of a tract of twenty acres with some improvements ; and the testimony of an expert, uncontradicted, is that the rental value of the land is $25 per acre ; though it appears that the tenant in possession at the time of the hearing was paying a rental of but $10 a month, but was getting it at this low rental on account of the danger of being dispossessed at any time.

The circuit court enjoined the execution of the writ of possession, and we must affirm this judgment. The case, we think, is a very clear one for equitable ' relief. In a small compass, it is merely this : — An action of ejectment is brought against a non-resident claimant of land, who has a tenant in actual possession. Process is not served upon the tenant in possession, as required by the statute (Rev. Stats., sect. 2243) ; there is a publication as to the defendant, but he has no actual knowledge of the pen-

dency of the suit; judgment goes against him by default, and he is, for the first time, apprised of the proceeding, when an attempt is made to oust his tenant by means of a writ of possession. The law would be singularly defective, if it afforded no means of preventing a man from being turned out of his freehold in this way. The judgment in ejectment was void, for the reason that the suit was not commenced against the tenant in possession, as required by the statute. The tenant may, indeed, have no interest in defending the suit; but the action is possessory, and one of the purposes of the statute in requiring it to be brought against him would seem to be to prevent the happening of what has happened in this case — a judgment in ejectment against a non-resident proprietor, who had no knowledge of the suit. The statute obviously intends that the suit must be brought against the person in actual possession, where there is an actual and visible possession, such as there was in this case. The constructive possession of the legal owner does not satisfy the statute, where there is an actual possession.

That equity will enjoin a void judgment where the enforcing of it would produce irreparable injury is not, we think, open to question. Here it is contended on behalf of the defendants, that the damage to the plaintiff, arising from the execution of this judgment, cannot be deemed irreparable, since, if it really has a title to the land paramount to that of the defendants, it could regain possession by an action in ejectment. But, in the condition of litigation in this state, a final judgment in such an action could be delayed for many years. In the meantime, the only solvent defendant might become insolvent, and the injured proprietor, after years of litigation, might lose the mesne profits, though he might regain possession of the land. The law cannot be made the instrument of such injustice. "A perpetual injunction," says Mr. High, " will be allowed against the execution of a writ of *habere facias possessionem*

against the premises of one who was not a party to the litigation ; and one who was in the quiet possession of real estate, claiming title thereto, may have an injunction to restrain others from dispossessing him by means of process growing out of litigation to which he was not a party." 1 High on Inj. (2d ed.), sect. 357. The rule thus laid down by this text writer, is supported by the cases of *Goodenough* v. *Sheppard* (28 Ill. 81) and *Banks* v. *Parker* (80 N. C. 157). The position of this plaintiff, we think, in respect of this action of ejectment, is substantially that of a party against whom a judgment has been rendered without legal notice ; for, in the view we take, the requirement of the statute that the action should be brought against the tenant in possession, is one of the means devised by the law for giving notice of the action to the real owner. The case is, therefore, not different in principle from that presented in the cases just cited, where an attempt was made to dispossess a party in possession of land, under process issuing from a judgment in a suit to which he had not been a party.

The judgment is affirmed. All the judges concur.