GEORGE WHEATON DEANS, ADMINISTRATOR, APPELLANT, VS. URIAH BOWDEN, SHERIFF, AND LEONIDAS W. SPRATT, APPELLEES.

A person in quiet possession of real estate as owner, may obtain an injunction to restrain others from dispossessing him by means of process growing out of litigation to which he was not a party.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans in pro. per.*

*John T. & Geo. U. Walker* for Appellees.

The only reasons assigned by the complainant why equity should arrest the process for restoring to him this possession, are: 1st, that he is *at the time of filing the bill* in the quiet possession; 2d, that he holds such possession as administrator, &c.; 3d, that the property is part of the estate of his intestate; 4th, that he was not party to the suit in which the judgment sought to be enforced was rendered, and 5th, that he took possession solely as administrator and not by, through or under said Greeley, the defendant in judgment, nor by his permission or connivance.

It is not stated when or how the complainant took possession, or how or by what title he claims the right to hold possession.

It does not appear that the restitution of Spratt would create any cloud on complainant's title if he has any, impair his power to administer the property if indeed it be true that it belongs to the estate, or that it will cause a multiplicity of suits, or that any fraud has been practiced by Spratt, or that he is in anywise seeking to make an inequitable use of legal process.

A party seeking to be protected by injunction in the possession or enjoyment of real property must show a right by something more than a mere assertion that it exists; and it must upon the facts alleged appear to be such a right as the court will feel bound to protect on his own showing against the act of the defendant. There must be a clear and satisfactory showing of a right superior to that which it is sought to restrain. Outcolt vs. Disbrough, 3 N. J., Eq., 216; Hamilton vs. Adams, 15 Ala., 596; 1 High. on Injunc., 2d Ed., §§340, 355, 359, citing Hamilton vs. Hendrix Heirs, 1 Bibb, 67; Tevis vs. Ellis, 25 Cal., 515.

The right of Spratt to be restored to the possession of which he was forcibly deprived is not even at all inconsistent with any of the allegations of the bill.

The complainant ought at all events to be required to state a case upon which if Spratt be restored to the possession he could recover it back from him.   McGee vs. Smith, 16 N. J. Eq., 463.

MR. JUSTICE WESTCOTT delivered the opinion of the Court.

In this case Spratt sued Greeley in forcibly entry and unlawful detainer of the premises.   He obtained judgment of restitution at November term, 1882, of the Circuit Court against Greeley, and had a writ of *habere facias possessionem*.   This bill is by Deans, who alleges that he was appointed on the 16th of February, A. D. 1881, administrator *de bonis non* of the estate of Jacob Foreman, deceased; that the estate is still unsettled; that as such administrator he is in the quiet and peaceable possession of a room embraced in the *habere facias possessionem*, which is a part of the estate he represents, and that the sheriff threatens to dispossess him by immediate execution of the process; that to. said suit he was no party, or any wise in privity; that he took possession solely as administrator as aforesaid, and not by, through or under the said Greeley, nor by his permission or connivance.

A temporary injunction against execution of the process was granted upon motion of Deans, which was afterwards dissolved upon motion of Spratt. From this order dissolving the injunction Deans appeals.

" A person in quiet possession of real estate as owner may obtain an injunction to restrain others from dispossessing him by means of process growing out of litigation to which he was not a party." Here Deans disclaims any con-

nivance or privity with Greeley.   If Deans had, as he alleges, an honest possession when the execution of the writ was threatened it is impossible that he, a stranger, could be bound by the proceedings between Spratt and Greeley.

The following authorities are to the point involved : Daniel Chy. Plead. and Prac., §1624 ; Kerr on Injunctions, 583 ; High on Injunc., §357 ; Bauks vs. Parker, 80 N. C., 157 ; Goodnough vs. Shepard, 28 Ill., 81.

We have read with attention all the cases cited by respondent except the case from the 15th of Alabama, which book we. have not been able to find.   These cases are not applicable here.   Most of them are contests between parties to the suit in which the  writ issued or those holding under them.

The order dissolving the injunction is reversed and the case will be remanded for further proceedings consistent with this opinion and conformable to equity.