## 8525

### *JAMES v. GRAHAM *ET AL.*
#### (Two Cases.)
#### (78 S. E. 82.)

1. SHERIFFS AND CONSTABLES — WRIT OF ASSISTANCE—EXECUTION.—A writ of assistance will not justify an officer in putting out of possession a person who was neither a party to the suit nor named in the writ.

2. SHERIFFS AND CONSTABLES—ABUSE—LIABILITY OF OFFICER.—An officer who abuses the process under which he assumes to act by committing an act not warranted thereby ceases to act under and by virtue of the process, and becomes a trespasses *ab initio* and liable as such.

3. SHERIFFS AND CONSTABLES—ABUSE—LIABILITY OF OFFICERS.—It was the duty of the sheriff in executing a writ of assistance in an action to foreclose a mortgage given by a tenant in common to place the purchaser in possession of every part of the land jointly with the other tenants, but he could not remove the other tenants holding under a title independent of the mortgagor, and, where he did so, he was liable as a trespasser.

4. PROCESS—ACTIONS FOR ABUSE OF PROCESS—INSTRUCTIONS.—In an action for ejecting tenants in common from land under a writ of assistance in an action to foreclose a mortgage given by another of the tenants, instructions that if a trespass was committed in the name of another or professedly in his interest, and he subsequently ratified it by claiming a benefit thereunder, he would be bound by the act to the same extent as if he had expressly authorized it, and that if an officer, in executing a writ of assistance, wrongfully seized the property of a stranger to the writ, and the person at whose instance it was issued after knowledge of the facts did not disavow the act, but permitted the property seized to remain under seizure for his benefit, he was liable as a cotrespasser with the officer, were not

-----

*NOTE.—This case seems to have been overlooked by a former Reporter, and has been called to my attention by Hon. LeRoy Lee, of the Williamsburg Bar.—D. C. RAY, Reporter.

erroneous as misleading the jury to believe that the purchaser was liable as a trespasser, even if the sheriff followed the direction of the writ, and merely placed him in possession jointly with the other tenants.

5. Process—Abuse of Process—Persons Liable.—The purchaser at a foreclosure sale was liable jointly with the sheriff for the wrongful ejection of the mortgagor's cotenants under a writ of assistance where he was present, claimed and received the exclusive possession of the whole property as if he were the sole owner thereof, his acts showing that he was acting in concert with the sheriff, and confirming, ratifying and approving them.

Before DeVore, J., Williamsburg, —— term, ——. Affirmed.

Two actions by G. W. James and A. Sexton James, both against George J. Graham and another. From judgment for plaintiffs in each action, defendants appeal.

*Messrs. J. P. McNeill* and *Lewis W. Gilland,* for appellants. *Mr. McNeill* submits: *Under the writ of assistance the sheriff was directed to place the defendant, J. C. Lynch, in possession, and under this order of the Court he was empowered to dispossess and eject, if necessary, any other person who might be found in possession of the property or any part thereof:* 2 Bail. 8; 5 S. C. 146. *Punitive damages could not arise, as there was an utter absence of grounds upon which such a verdict could be predicated:* 13 Cyc., sec. 106, *et seq.*

*Messrs. W. F. Clayton* and *J. W. Ragsdale,* for respondents. *Mr. Ragsdale* submits: *The writ of assistance could only issue against parties bound by the decree:* 48 S. C. 325, 332; 21 Wall. 291. *The process to protect an officer must, to use the customary legal expression, be fair on its face:* Cooley on Torts, sec. 460. *Process is void upon its face, and does not justify an officer in executing it if it appears therefrom that it issued from a Court which had no jurisdiction over the subject matter of the action or of the person against whom it is directed:* (N. Y.) 21 Am. Dec. 181;

36 Ill. 53; 85 Am. Dec. 382. *Trespass lies against an officer for abuse of process where he assumes to act under a process which does not authorize the acts done:* (N. H.) 51 Am. Dec. 322; (Ill.) 99 Am. Dec. Boughton; 21 Am. Dec. 208; 51 Am. Dec. 156. *The defendant, J. C. Lynch, was liable for any trespass committed by the sheriff in enforcing the writ of assistance:* Brickwood-Sackett Instructions, vol II, 2300; 42 Mich. 6; 3 N. W. 227; Freeman's Notes to 73 Am. Dec. 137-139; Brickwood-Sackett Instructions. vol. II, sec. 2301; 11 Rich. S. C. 35; (Ky.) 12 Am. Dec. 285; (Ill.) 63 Am. Dec. 312; Waterman on Trespass, sec. 23; 28 Am. & Eng. Ency. of Law 569; Freeman on Cotenancy and Partition, sec. 300, *et seq. The verdict for punitive damages involves a finding of whatever is legally essential as a basis for such damages:* 77 S. C. 56. *Whether there is any evidence to support should be raised by motion for nonsuit, or by request to charge:* 72 S. C. 411; 78 S. C. 472.

April 25, 1912.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

These two cases involve the same issues, and were heard together.

Plaintiffs-respondents sought damages against the defendants-appellants for wrongful ejectment of respondents from the estate lands of S. C. James in which they had an interest, as tenants in common, under a writ of assistance issued in the case of *J. C. Lynch v. Thomas James,* a cotenant, directing Geo. J. Graham, as sheriff of Williamsburg county, to enter upon said premises and eject Thomas James and all persons claiming under him in possession thereof.

It appears that after action for partition of S. C. James' estate, lands were bought and *lis pendens* duly filed therein

Thomas James mortgaged the entire tract of land to J. C. Lynch, who foreclosed his mortgage without making the other heirs of S. C. James parties to the foreclosure proceedings and purchased the lands at sheriff's sale under said proceedings.

Possession of the premises being refused, J. C. Lynch procured the writ of assistance from the Circuit Court and George J. Graham, as sheriff of Williamsburg county, forcibly dispossessed the respondent; the appellant, J. C. Lynch, being present at the time, and placed Lynch in possession, which possession Lynch retained to the exclusion of the respondent.

After suit brought and issue joined, by the parties respondents and appellants, the case was tried before Judge DeVore, and a jury, and resulted in a verdict in favor of each of the respondents in the sum of five hundred dollars.

After entry of judgment, appellants appealed and ask reversal of same on five exceptions.

The first and second exceptions impute error on the part of his Honor in his charge to the jury and they will be considered together.

The first exception alleges error in charging the jury as follows: "I charge you, gentlemen, as a matter of law, if these parties were in possession at the time the sheriff and other defendant, J. C. Lynch, went there, claiming it in their own right and in possession under their own right and claim and not through Tom James, that the sheriff nor the defendant, Lynch, neither of them, had any authority under this writ of assistance to eject them."

"Whereas, it is respectfully submitted, that he should have charged, that under the writ of assistance the sheriff should have ejected from the premises any and all persons who in any wise interfered with or hindered the placing of the defendant, J. C. Lynch, in full and complete possession of the premises."

Second exception: "Because his Honor erred, it is respect-fully submitted, in refusing the defendant's third request to charge, which is as follows: Under the writ of assist-ance the sheriff was directed to place the defendant, J. C. Lynch, in possession, and under this order of the Court he was empowered to dispossess and eject, if necessary, any other person who might be found in possession of the prop-erty or any part thereof; whereas, his Honor, it is respect-fully submitted, should have charged, as requested, as being within the proper interpretation of the law."

In the case of *Ex parte Jenkins,* 48 S. C. 332, 200 S. E. 689, Chief Justice McIver, says: "It seems clear to us, both upon principle and authority, that there was error in the order appealed from, in so far as it affected the appellant, George M. Hogg, because he was not a party to either of the actions for foreclosure, nor did he go into possession under either of the parties to such actions while the same were pending. As was said by Mr. Justice Field, in deliv-ering the opinion of the Supreme Court of the United States, in the case of *Terrell v. Allison,* 21 Wallace, at page 291: 'A writ of assistance is undoubtedly an appropriate process to issue from a Court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, as against parties who are bound by its decree, and who refuse to surrender possession pursuant to its direction or other order of the Court. The power to issue the writ results from the principle that the jurisdiction of the Court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. But,' the learned Justice adds, 'the writ of assistance can only issue against parties bound by the decree,' which is only saying that the execution cannot exceed the decree which it enforces; that the owner of the property mortgaged, which is directed to be sold, can only

be bound when he has notice of the proceedings for its sale, if he has acquired his interest previous to their institution, it is too obvious to require either argument or authority. It is a rule as old as the law that no man shall be condemned in his rights of property, as well as in his rights of person, without his day in Court; that is, without being duly cited to answer respecting them, and being heard or having an opportunity of being heard thereon."

In the same case, it was held, under the case of *Boynton v. Jackaway,* 10 Paige, 307, "that a tenant of the mortgagor, who went into possession prior to the commencement of the action for foreclosure, and was not a party thereto, ought not to be ejected on a writ of assistance. Hence, the usual practice is to make such tenant a party to the action for foreclosure, in order that the purchaser may readily acquire possession."

Now, a writ of assistance will not justify an officer in putting out of possession a person who was neither a party to the suit or named in the writ. *Brush v. Fowler,* 36 Ill. · 53, 85 American Dec. 382.

Action for trespass lies against an officer for abuse of process, where he assumes to act under a process, which does not authorize the acts done. If an officer, armed with a writ, abuses it by the commission of any act not warranted by the process, he ceases to act under and by virtue of the process, and thereby becomes a trespasser *ab initio.  Breck v. Bloucherd* (N. H.) —; 51 Amer. Dec. 322; 99 Amer. Dec. 551 ; *Snydocker v. Brosse.*

It is the duty of the sheriff in execution of the writ, to place the purchaser on foreclosure of a mortgage of an estate in common in possession of every part and parcel of the land jointly with the other tenants in common, but in the execution of the writ the sheriff cannot remove any part of the tenants in common who hold under a title independent

of him through whom the purchaser claims. Freeman's Notes to *Wilson v. Polk,* 51 Amer. Dec. 156.

Here the case under consideration, we see that the respondents were not parties to the foreclosure suit brought by Lynch against Thomas James, and, therefore, not bound by the judgment in that action, and they do not claim under or from Thomas James, but hold their title independent of Thomas James and from another source, and they never before these proceedings had an opportunity to set up their rights which they now claim.

These exceptions are overruled.

The 3d and 4th exceptions will be considered together. The third is: "Because his Honor erred, it is respectfully submitted, in charging the jury plaintiff's second request, as follows: You are instructed as a matter of law if an act of trespass is committed in the name of another person or professedly in the interest of such other person and the latter subsequently ratified the act by claiming any benefit under it he would be bound by the act to the same extent as if he had expressly authorized it before it was done, the effect of such charge being either to deprive the defendant, J. C. Lynch, of his individual interest in the premises which was admitted to be three-sevenths thereof and to subject him to liability for the alleged trespass by reason of claiming or accepting any benefits therein; also, that such charge being, in effect, an instruction to the jury that the defendant, J. C. Lynch, could not claim the benefits or enjoy the possession of any portion of the property under his legal rights as tenant in common with the plaintiffs without rendering himself liable for punitive damages as a trespasser."

4. "Because his Honor erred, it is respectfully submitted, in charging plaintiff's 3d request, as follows: If an officer in executing a writ of assistance wrongfully seizes the property of a stranger to the writ and the person at whose instance the writ was issued, after knowledge of the facts,

9—S. C. 114

does not disavow the act of the officer, but permits the property seized to remain under seizure for his benefit, he is liable as a cotrespasser with the officer; whereas, he should have refused such request for reasons assigned under 3d exceptions, and also being in effect an instruction to the jury that the sheriff was not authorized to seize the property under the writ even though no ejectment was made—thus misleading the jury and prejudicing them against the defendant's rights."

We do not think these exceptions can be sustained. The jury could not have inferred from them that Lynch could not have been put in possession of the property, to wit, the share he had purchased, the property of Thomas James, and enjoy that possession as a cotenant with the other owners of the property without rendering himself liable as a trespasser—if the sheriff had followed the direction of the writ of assistance which commanded him: "That you eject therefrom the said Thomas James, defendant herein, and any person since the commencement of this action who has been in the possession of the said premises or any part thereof under him and retains the same or any part thereof as against the plaintiff, J. C. Lynch, and that you place the said J. C. Lynch, or his assigns, in full, peaceable and quiet possession of the premises without delay, and him, the said J. C. Lynch, in possession thereof from time to time maintain, keep and defend or to be kept, maintained and defended according to the tenor and the intent of said judgment."

This Court held, in *Ex parte Qualls*, 71 S. C., page 92, 50 S. E. 648, that where parties are properly before the Court by reason of being parties to the suit originally, or have become parties to the suit, they are answerable to the jurisdiction of the Court of equity in that suit and are controlled by the equity therein, and the Court says: "What is the power of the Court of equity in such cases? As is said by Rorer, in his book on Judicial Sales, in paragraph 230:

The equitable powers of a chancery Court when once in possession of the case, and jurisdiction has attached by proper service, are sufficiently broad and searching to reach all the equities and liabilities of all the parties, and will settle, dispose of and enforce the whole in one suit."

In 17th Ency. of Law, 2d Ed., page 1014, the authority says: "The purchaser at a judicial sale has a clear right to the possession of the property sold as against all the parties to the proceedings in which the sale is made, and this right the Courts will summarily enforce by writ of assistance or in some appropriate manner. But where the person in possession is not a party to the suit, nor a *pendente lite* purchaser and holds the property adversely, he cannot be deprived of possession in this summary way. As is said by Mr. Rorer, in his work on Judicial Sales, at paragraph 162: "In judicial sales by Courts of ordinary chancery jurisdiction the better course is for the decree or order of sale to include also an order to put the purchaser in possession to save a resort to an action at law for that purpose. But whether there be such an order inserted in the decree or not, the Court has full power to enforce its sale by putting the purchaser into possession of the premises against the possession of the party to the suit or any one holding under such party who comes into possession during the pendency of the suit and refuses to render up the premises to the purchaser."

The sheriff not only put Lynch into possession of his share, but ousted all the other tenants in common with him and put him into possession of the whole premises. Lynch was present and claimed all, not that which he was entitled to alone, but the whole, and received the possession of the whole and the benefit of the unlawful and wrongful dispossession and exclusion of the parties who were in possession of it and not parties to the suit between Lynch and Thomas James, and did not claim from Thomas James, but from a separate and independent source.

There was a complete ouster of the respondents, and Lynch placed by the sheriff in exclusive possession of the whole property as if he were the sole owner thereof and not as a cotenant along with them put in possession of his part and respondents were forcibly rejected. Lynch's acts show that he was acting in concert with the sheriff and confirming, ratifying and approving the same and the results of the action inured to his benefit.

We see no error on the part of his Honor as complained of, and these exceptions are overruled. We understand that exception 5 is not urged by the appellants.

Judgment affirmed.