## JOHN RUCKER

### *v.*

## WILLIAM WHEELER *et al.*

1. APPEAL BOND *in forcible detainer—may cover accruing rents.* On an appeal by the defendant from the judgment of a justice of the peace in an action of forcible detainer brought by a purchaser under a decree, under the act of 1861, it is proper that the appeal bond should cover accruing rents.

2. RENT—*how recoverable in such case.* The act of 1861 gives the purchaser in such case the remedy by action of debt or assumpsit for use and occupation, but this does not exclude the recovery of the rent by action of debt on the appeal bond when it contains a condition embracing the accruing rents. The purchaser has a double remedy.

3. Forcible detainer—*by whom the action may be maintained, under act of* 1861. The remedy by this action, to recover the possession of land sold under a decree, is given to the purchaser of the premises by the amendatory act of 1861.

Writ of Error to the Circuit Court of Macon county; the Hon. Charles Emerson, Judge, presiding.

The facts of this case are sufficiently stated in the opinion of the Court.

Messrs. Nelson & Roby, for the plaintiff in error.

Mr. A. J. Gallagher, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of debt in the Circuit Court of Macon county, brought by John Rucker against William Wheeler and others, on an appeal bond in the penalty of $300.

The declaration is in proper form, upon a bond given on an appeal in an action of forcible detainer, a judgment of restitution of the premises having been rendered in favor of Rucker and against Wheeler.

The condition of the bond was, if Wheeler should prosecute his appeal with effect, and pay whatever judgment might be rendered by the court upon dismissal or trial of the appeal, or, in case of failure therein, should pay Rucker all rents becoming due on the premises from the time of the commencement of the suit until its final termination, then the bond should be void.

The breach was that Wheeler did not prosecute his appeal with effect, but failed to do so, so that, at the April Term, 1865, of the Macon Circuit Court, judgment was rendered in favor of the plaintiff for the restitution of the premises, and for costs of suit, and that Wheeler "has not paid the rents becoming due from the commencement of the suit until the termination thereof, to wit, from the 10th of December, 1864, until the 24th of April, 1865," and that the rents are reasonably worth

the sum of $125, and that Wheeler has not paid the costs adjudged against him, being the sum of $32.45.

The plea was *non est factum* without an affidavit, on which issue was taken. There was also a special plea, a demurrer to which was sustained, and leave given to amend it. As amended it set up a parol submission, arbitration and award, etc., which was also adjudged bad on demurrer.

By consent the issue was tried by the court, and a judgment rendered in favor of the plaintiff for the penalty of the bond, to be discharged on the payment of $33.95, being the amount of the costs only, allowing no rent.

On the trial, against the objection of the plaintiff, a witness, B. F. Smith, called by the defendants, was permitted to give evidence of a submission of the question of rents to arbitrators, and they had made an award that the rents were worth $88.50.

The plaintiff brings the cause here by writ of error, and assigns the following errors : " The admission of the evidence of B. F. Smith ; the finding of the court as to the amount due plaintiff; the judgment of the court for the sum of $33.95, which was costs only; the not giving judgment for the sum of $112.50, in addition, for rents."

The only question argued is as to the liability of Wheeler and his co-defendants, his sureties on this bond, for the accruing rents.

The defendants in error insist that the rents can only be recovered by an action of debt or assumpsit, as Rucker was only a purchaser of the property under a decree of court—that the case comes within the act of 1861, amending the forcible entry and detainer law of 1845.

The record shows Rucker was a purchaser of the premises, the possession of which, being in Wheeler at the time of the sale, he withheld from the purchaser Rucker.

The defendants in error contend that the amendatory act of 1861 extended the act of 1845 only so far as to enable the party to such decree, but not the purchaser under it, to maintain this action for the possession of the property, but did not extend the benefits to be derived from the sixth section of the

act of 1845, because by the second section of the act of 1861, another remedy is provided, that is, by action of debt or assumpsit for use and occupation.

We cannot perceive the slightest ground upon which to base such a position.

The sixth section of the act of 1845, chapter 43, provides, if the defendant in an action of forcible entry and detainer shall appeal, he shall insert in the appeal bond a clause conditioned for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof. Scates' Comp. 522.

The amendatory act of 1861, by its first section extends chapter 43 to all cases between vendor and vendee in certain contingencies, and "to all cases where lands have been sold under a judgment or decree of a court in this State, and the party to such judgment or decree after the expiration of the time of redemption, refuses after demand in writing by the purchaser under the same, to surrender possession thereof."

The second section then provides, that an action of debt or assumpsit for use and occupation, may *also* be sustained in either of the foregoing cases, etc.    Sess. Laws 1861, pp. 176, 177.

The case is too plain for argument.    The defendant, a party to the decree, withholds the possession of the premises from the purchaser, presenting the very case the act of 1861 was designed to meet, and which was not provided for by the act of 1845. The purchaser has a double remedy.    By section six of the original law, on appeal a bond conditioned to pay accruing rents must be executed, by the act of 1861 this act is extended to purchasers; and he has in addition an action for use and occupation.

The bond on the appeal properly covered accruing rents, and the obligors are liable, on the non-performance of its condition. Judgment therefore should have been given for the value of those rents.

The judgment is reversed and the cause remanded, for further proceedings not inconsistent with this opinion.

*Judgment reversed.*