# FLOYD HIGGINS *et al.*

## *v.*

# JOHN PARKER.

48   445
25a  622
48   412
161  365

1. PLEADING AT LAW—*of the declaration—what averment unnecessary—in an action of debt on a bond conditioned to pay the value of the use and occupation of premises.* In an action of debt on a bond, given on appeal of an action of forcible entry and detainer to this court, conditioned to pay the value of the use and occupation of the premises, it is not necessary to aver in the declaration, that the defendant had enjoyed the use and occupation of the premises.

2. SAME—*what averment necessary.* In such case, it is only necessary to allege, in assigning breaches of the bond, that plaintiff had been deprived of the possession during the pendency of the appeal.

3. APPEALS—*to the supreme court—of the bond—power of inferior courts over.* Under the act of February 16th, 1865, relative to appeals taken to the supreme court, the power is given to inferior courts, in granting appeals to this court, to direct the condition of appeal bonds, with reference to the character of the decree, judgment, or order appealed from.

4. SAME—*of the bond—what will be considered a valid bond.* And where, in such case, at the time of granting the appeal, by order of the court, a condition was inserted in the bond for the payment of the value of the use and occupation of

the premises, and the statutory condition, that of payment of rents was omitted: *Held*, that the bond was valid. The condition directed by the court, being in perfect harmony with the character of the judgment, was, therefore, legal, and obligatory upon the makers.

5. Former decision. The case of *Tomlin et al.* v. *Green et al.*, 39 Ill. 225, has no application to this case.

Appeal from the Superior Court of Chicago.

The opinion states the case.

Messrs. Bonney & Griggs and Mr. J. E. Fay, for the appellants.

Mr. George G. Bellows, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court

This was an action of debt, brought to the Superior Court of the City of Chicago, by John Parker, against Floyd Higgins and Charles M. Chadwick, on a bond, in the penalty of fifteen thousand dollars, given on appeal of an action of forcible entry and detainer, brought by Parker against Chadwick, and judgment for Parker.

The condition of the bond was, after reciting the judgment recovered, for the possession of the premises, that, if Chadwick should prosecute his appeal with effect, and pay the amount of the judgment, costs, interest and damages, rendered, and to be rendered, against him, in case the judgment should be affirmed by the supreme court, and, also, should pay the value of the use and occupation of the premises, from the commencement of the suit in which the judgment was rendered, until its final determination, in case the judgment shall be affirmed, the bond should be void.

The breaches were, that the costs were not paid, nor did Chadwick pay the value of the use and occupation of the

premises, as alleged, from the 24th day of March, 1866, until the final determination of the suit, which was alleged to be on the 17th of September, 1867, averring the use and occupation for that time was of the value of fifteen thousand dollars; and further, that the plaintiff was deprived of the possession of the premises during that time.

A demurrer to this declaration was overruled, whereupon the defendants filed several pleas, to some of which a demurrer was sustained, an issue of fact being made upon the plea of *non est factum.* The defendants abided by their demurrer, the issue was tried by the court, and judgment rendered for fifteen thousand dollars, the debt in the declaration mentioned, and the damages assessed by the court, after hearing testimony, at nine thousand five hundred and seventy-eight dollars and thirty-eight cents.

The point is made, on the fourth and eighth pleas, the last of which is, in substance, *actio non,* because, they say, that defendant, Chadwick, did not have the use and occupation of the premises from the time of praying the appeal, or from the time of the commencement of the action of forcible detainer, nor for any other time.

Appellant contends, that the plaintiff sued for use and occupation, and did not declare that the defendants had enjoyed the use and occupation, but only that he, the plaintiff, had been deprived of it.

The plaintiff did not sue for the use and occupation of the premises, therefore it was not necessary to allege the defendants, or either of them, had enjoyed the use. It was only necessary to aver, in assigning breaches of the bond, that he, the plaintiff, had been deprived of the possession during the pendency of the appeal. Now, as to the plea, it was immaterial whether Chadwick had the actual possession of the premises or not. They were leased to him at a stipulated rent, and if he did not choose to take and keep possession, it was his own fault. The plaintiff, by the lease, was deprived

of their use.    In an action for use and occupation, appellants' argument might be sound, but it is wholly inapplicable to this action of debt, on a bond conditioned to pay value of the use and occupation.

The fourth plea is, in substance, that the condition prescribed by the statute for the payment of rent, is omitted, and a condition, not authorized by law, for the payment of the value of the use and occupation, inserted, at the time of the appeal, by order of the court, and not by the voluntary act of the defendant, and, therefore, the bond is void.

The argument of appellants is, that, as one condition, that of payment of rents, was omitted, and another unlawful condition inserted, the bond was void, it being done by order of the court, and not by the voluntary act of the defendants.

The act of signing the bond was the voluntary act of the defendants, and, on general principles, they would be liable, if there is nothing illegal in the condition.

Appellant says it was an unlawful condition.    Let us see if this be so.

Plenary power is given the circuit courts over the whole subject of bonds on appeals, by the act of February 16, 1865, entitled "An act to amend the law allowing appeals to the supreme court."

This statute provides that, in granting appeals, inferior courts shall direct the condition of appeal bonds, with reference to the character of the decree, judgment or order appealed from.    Sess. laws, 1865, p. 8.

This is a full answer to the objection.    The condition of the bond is in perfect harmony with the character of the judgment.

The bond being in proper form, and with the condition required by the court granting the appeal, is a valid bond. None of the objections made to it are valid.    We do not perceive the bearing of the case of *Tomlin et al. v. Green et al.,* 39 Ill. 225, cited by appellants, on this case.    That was a bond

with a condition not authorized by the statute; whereas, this is.

There being no error in the record the judgment is affirmed.

*Judgment affirmed.*