Gilliam v. Coon.

## GEORGE T. GILLIAM
### v.
## FRANCIS M. COON ET AL.

1. PRACTICE—SET-OFF IN SUIT ON APPEAL BOND—JUDGMENT.—Although a principal debtor alone may set off a claim in a joint action against him and his surety, yet upon such plea it is error to render judgment for any amount against the plaintiff in favor of the principal and his surety jointly.

2. RATIFICATION.—The evidence showing express and specific directions from appellant to appellee in regard to procuring the insurance, and that such directions were not even substantially complied with, appellant will not be liable for what appellee in fact did, touching the insurance unless, with full knowledge of the facts, appellant afterward ratified appellee's acts.

3. WILLFUL WITHHOLDING OF POSSESSION—DAMAGES.—Where one willfully withholds the possession of lands from the owner, he incurs a liability for at least their reasonable rental value for the time withheld, estimated at the time the liability arises, and he takes upon himself the risk of an unfavorable season.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed January 19, 1882.

Messrs. COOPER & TENNERY, for appellant.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellees; that if the law is correctly given in instructions, the judgment will not be reversed because they were not marked "given," cited McKinzie v. Remington, 79 Ill. 388; Cook v. Hunt, 24 Ill. 535; Calef v. Thomas, 81 Ill. 478.

A claim of the principal debtor against the plaintiff may be set off in an action against the principal and his sureties: Mahwrin v. Pearson, 8 N. H. 539; Concord v. Pillsbury, 33 N. H. 310; Brunbridge v. Whitcomb, 1 Chip. 180; Bourne v. Bennett, 4 Bing. 423; Waterman on Set-off, § 237; Himrod v. Baugh, 85 Ill. 433.

PLEASANTS, J. Appellant having purchased at a sale under the power contained in a deed of trust, certain premises occupied by appellee, Coon, on the 28th day of May, 1878, made demand in writing for possession, which being refused, he instituted proceedings for forcible detainer, and recovered judgment therein, first before a justice of the peace, and afterwards on appeal by the defendant, in the circuit court, after which he brought this suit in debt on the appeal bond against Coon and his surety, Shepard, assigning for breaches the non-payment of the costs in said detainer proceedings, and of the rent or damages for withholding the premises for about eleven months after demand of possession as above stated.

A plea of *non est factum* was filed, and it was stipulated that either party might offer in evidence any matter that could be proved under proper pleas and replications. The only affirmative defense attempted to be made was by way of set-off of money claimed to have been paid by Coon for insurance of

the house and barn on the premises, for the benefit of plaintiff, and at his request.

The verdict found a balance of $11.20 in favor of the defendants, and after a remittitur of $11.19, the plaintiff's motion for a new trial was overruled, and judgment entered against him for one cent damages and for costs, from which he appealed. The judgment is technically erroneous in being for damages in favor of both defendants, upon a cross demand of one only. The case of Himrod v. Baugh, 85 Ill. 435, seems to establish the right in this State to set off a claim of the principal debtor alone in a joint action against him and his surety. We can feel the force of the position that the surety has an interest in such claim to the extent necessary for his own complete protection, and in such application of it to that extent, but are unable to perceive any reason for allowing him to participate in a judgment against the plaintiff for any excess. Such a practice would seem to be in violation of principle, and therefore such a judgment, though for only a nominal amount, is not within the protection of the rule *de minimis*.

We notice further, that the evidence shows express and specific directions by Gilliam to Coon about procuring the insurance, and that these were not even substantially followed. Gilliam, therefore, would not be liable for what Coon did or expended in the premises, unless with knowledge of the facts, he had ratified or accepted it.

The evidence, in our judgment, clearly fails to show that plaintiff at any time before the trial had any notice of the facts, or ever ratified what had been done. Indeed, in strictness, there is none whatever that tends to show it. Coon's bare statement that he wrote to Gilliam about it without showing that he mailed or otherwise sent the letter, is not such evidence. He said he did not know that Gilliam ever received it or knew that the insurance had been effected, and the conduct of both the parties rather indicates that he did not. He resided in the city of St. Louis, and was not a witness on the trial, nor was there any plea or other notice to him or to his counsel of such a claim of set-off; and hence the letter furnishes no ground of inference against him in respect thereto.

Gilliam v. Coon.

There was then no evidence sufficient to support a finding of any indebtedness from plaintiff to the defendant Coon on that account. Again it was error to deny the motion to exclude the testimony of defendants' witness, Simpson, as to the rental value of the farm, after it appeared that his estimate or opinion of it was based on his recollection of the character of the season after the 28th day of May. He had testified that "it was too wet in 1878 for this farm to be worth anything to rent." Where one willfully withholds the possession of lands from the owner who is entitled thereto, he incurs a liability for at least their reasonable rental value for the time it is so withheld, estimated at the time the liability arises, and takes upon himself the risk of an unfavorable season.

It appears that by the sixth instruction for the plaintiff, the jury were told that if he was entitled to possession on the 28th of May, and then demanded it of the defendant, and was refused, the said defendant thereby became liable to pay "such reasonable rent as the premises were then worth," and yet the first one given for the defendant announced that in the case above supposed, Coon was liable for what the use of said land was reasonably worth during the period from demand to surrender of possession, and that in determining such value the jury "had a right" to take into consideration the situation of the land, the amount of crops that could reasonably have been raised on said premises, if such appear in evidence, and "*facts and circumstances in evidence*" before them, thus in terms including the character of the season after May 28th as testified to by Simpson. The witnesses differed widely in opinion as to the rental value of the premises, and the testimony of said Simpson, which was asked to be excluded, may have materially influenced the finding on that subject.

For the errors indicated the judgment is reversed and the case is remanded.

Reversed and remanded.

LACEY, J., dissenting.