DAVID SHUNICK AND PAT MORRIS

v.

CHARLES W. THOMPSON.

*Forcible Entry and Detainer—Action on Appeal Bond—Measure of Damages—Former Adjudication—Pleading—Defective Pleas—Practice.*

1.   In an action of debt on a bond the plea of *nil debet* is bad on demurrer.   But if the demurrer is overruled the defendant waives the grounds thereof by pleading to the breaches assigned.

2.   A demurrer to a special plea can not be carried back to the declaration over the plea of *non est factum.*

3.   Where a plea purports to answer the whole cause of action, but in fact answers only a part, the whole plea is bad.

4.   Where the plaintiff in an action of forcible entry and detainer is wrongfully kept out of the possession of the premises during the pendency of an appeal, the value of the use and occupation, or the reasonable rental value, is the correct measure of damages in an action on the appeal bond.

5.   A former adjudication of a matter in controversy is conclusive only as to matters actually determined and such other matters as might have been set up and litigated in the first suit.

6.   In the action of forcible entry and detainer the inquiry whether the plaintiff is entitled to rent or damages can not arise.   The action is purely

statutory and the statute makes no provision for rendering judgment for either rent or damages.

7. One who does not purchase *pendente lite* can not be injuriously affected by a judgment or decree to which he was not a party.

8. Objections to the instructions can not be first raised in this court.

9. In the case presented, the allegation contained in the declaration, that the plaintiff obtained judgment in the action of forcible entry and detainer, was not put in issue by any of the pleas filed, and no evidence of that fact was necessary.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. GRIER & DRYDEN, for appellants.

Messrs. PORTER & MACDILL, for appellee.

BAKER, J. This was debt on a bond, dated March 13, 1885, and executed by Pat Morris, John Morris, and David Shunick, for the purpose of appealing from the judgment of a Justice of the Peace to the County Court of Warren County, in an action of forcible entry and detainer brought by Thompson against Pat and John Morris.

The conditions of the obligation were those required by section 19 of the forcible entry and detainer act. The declaration filed herein contained four assignments of breach. First. That plaintiff sustained great loss and damage by reason of the withholding of the premises, to wit, the value of the use and occupation of the premises in controversy in said suit by the said Pat Morris and John Morris during the pendency of said appeal, to wit, the sum of $600, which the defendants have wholly failed to pay. Second. That the rent of said premises so withheld from said plaintiff by said Pat Morris and John Morris before the final determination of said suit was worth the sum of $600, from the 1st of March, 1885, to the 1st of March, 1886, during which time said plaintiff was deprived of possession of said premises, which sum the defendants have not paid. The third breach was for costs

awarded in the forcible entry and detainer suit, and the fourth breach was for attorney fees and expenses in said suit. A demurrer to the fourth breach was sustained. Demurrers were also sustained to the 2d, 3d, 5th, 6th and 7th pleas. The first plea was *non est factum*, and there was issue and trial upon that and upon the fourth plea. Verdict and judgment were for Thompson for $600 debt and $544.46 damages.

The first error assigned is that the court erred in overruling the demurrer to the first and second breaches.

Appellants can take nothing by this assignment, for by pleading to the breaches they waived the grounds of their demurrer. Vanderbilt v. Johnson, 3 Scam. 48; Home M. F. Ins. Co. v. Garfield, 60 Ill. 124; McFadden v. Fortier, 20 Ill. 509.

It is also sought to question the sufficiency of the declaration by insisting that even if the 5th, 6th and 7th pleas are bad, they are good enough for a bad declaration, and that the demurrers to them should have been carried back and sustained to the first and second breaches. A demurrer to special pleas can not be carried back to the declaration over the plea of *non est factum*. It was expressly so ruled in Mix v. People, 86 Ill. 312. See, also, Culver v. Third Nat. Bank, 64 Ill. 528, and cases there cited.

Besides this, it is the evident intention of the statute, when appeals are taken in actions of forcible entry and detainer, to secure not only rents due or to become due, but also compensation for all injuries occasioned to plaintiffs in such actions, whether the relation of landlord and tenant exists between the parties to the suit or not. The second condition of the statutory bond, therefore, provides for the payment of rents due or to become due, and the third condition is intended to cover, more especially, cases where the relation of landlord and tenant does not exist.

The condition of the bond here in question is, to pay all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy. The first breach is a good assignment of breach thereon. That breach is not to recover rent or compensation for use and occupation

of the premises, but loss and damage sustained by reason of the withholding of the premises; and such loss and damage is alleged to be the value of the use and occupation of the premises during the pendency of the appeal. In Gilliam v. Coon, 10 Ill. App. 43, a case where the parties were not landlord and tenant, this court held that where one wilfully withholds the possession of lands from the owner who is entitled thereto, he incurs a liability for at least their reasonable rental value for the time it is so withheld.

In Higgins v. Parker, 48 Ill. 445, the condition of the bond was to pay "the value of the use and occupation of the premises," and it was held the suit was not for use and occupation, and that it was only necessary to aver, in assigning breaches of the bond, that the plaintiff had been deprived of the possession during the pendency of the appeal. The case is an authority to show, if any be needed, that "use and occupation" and "the value of the use and occupation" are not synonymous terms, as seems to be contended by appellants. Appellee was wrongfully kept out of the possession of the premises during the pendency of the appeal, and no good reason is perceived why the value of the use and occupation of the reasonable rental value during such pendency is not the correct measure of damages.

The covenant of the condition is, to pay all damages and loss sustained by reason of the withholding; and that which he was deprived of was the use and occupation of the land, and clearly that which would compensate him and make him whole is the value of that of which he is deprived.

It is claimed the court below erred in sustaining demurrers to the 2d, 3d, 5th, 6th and 7th pleas. The 2d plea was *nil debet*, and it is elementary that in debt on a bond the plea of *nil debet* is bad on demurrer. The 3d plea, that the defendants do not owe the plaintiff any rent, was but an informal plea of *nil debet*. The substance of the 5th plea was *actio non*, because Thompson claimed possession under a lease of a term of one year from March 1, 1885, from Thomas Buzan; that Halloway held an overdue mortgage given by Buzan, and for condition broken, recovered judgment in eject-

ment on the 8th day of May, 1885, against John and Pat Morris for the premises, and thereupon took possession thereof, and leased them to Pat Morris until March 1, 1886.

The substance of the 6th plea was *actio non*, because, after the delivery of the bond, to wit, on April 11, 1885, Halloway, having a title prior to and better than that of Thompson, leased the premises to Pat Morris, by virtue of which lease Morris afterward entered the premises and ejected Thompson, and has held possession ever since.

The 7th plea was to the 1st and 2d breaches, except as to the sum of $1. The substance of it was that the right of possession upon which recovery was had in the forcible entry and detainer suit was under a lease from Buzan from March 1, 1885, to March, 1886; that Halloway held a mortgage on the land from Buzan to secure $5,200, which, at the time of such leasing, was long past due; that, after the making of the bond in suit, to wit, on May 8, 1885, Halloway recovered judgment in ejectment under said mortgage for condition broken against John and Pat Morris, who were occupants of the premises, under which judgment Halloway ousted John and Pat Morris and took possession himself; and that thereupon Halloway leased the premises to Morris, who held possession under such lease from that time during all the time complained of, and paid rent to Halloway, of all which Thompson had full notice.

We understand appellee to claim that the *status* of Thompson and of John and Pat Morris in relation to the quarter section of land in question was determined, so far as this case is concerned, by the judgment of February 19, 1886, in the forcible entry and detainer suit, and that such judgment is conclusive upon the defendants in this suit on the bond. This statement, in its application to the present case, perhaps needs the qualification that such judgment is only conclusive in respect to matters which are adjudicated, or might have been adjudicated, in that suit. The rule is, that a former adjudication of a matter in controversy is conclusive only as to matters actually determined, and such other matters as might have been set up and litigated in the first suit.

The action of forcible entry and detainer is not a common

law action, but is purely statutory.   St. L. Nat'l Stock Yards
Co. v. Wiggins Ferry Co., 102 Ill. 514.   The statute makes
no provision for rendering judgment in such action for either
rent or damages, and they can not be allowed therein.   Brush
v. Fowler, 36 Ill. 53.   The inquiry, then, whether the plaintiff
was or was not entitled to damages, did not and could not
arise in that suit.   But the judgment there rendered is conclu
sive that Thompson, the plaintiff therein, was in the actual
and peaceable possession of the land, and that Pat and John
Morris made a forcible and unlawful entry thereon, and that
as against them he was entitled to be restored to possession.

At the time of the institution of the ejectment suit against
Pat and John Morris, they were in the occupancy of the prem-
ises merely as trespassers.   Their wrongful possession was
adverse to appellee, and also adverse to the title and posses-
sion of Buzan, for it was only gained by forcibly dispossess-
ing his tenant.   Even if they had been in possession under
Buzan and as his tenants, which they were not, the judgment
in ejectment against them, as they gave no notice to him of
the pendency of the ejectment suit, would no more have bound
Buzan than would a judgment in any other legal proceeding
to which he was not a party.   Oetgen v. Ross, 47 Ill. 142;
Lowe v. Emerson, 48 Ill. 160.

And even if the fact were that the judgment had force
against Buzan, the landlord of appellee, yet it would have no
vitality as against the rights of appellee himself, since he was
not a party to the ejectment suit, and did not take his lease
from Buzan *pendente lite.*   It is the doctrine in this State that
one who does not enter or purchase *pendente lite,* can not be
injuriously affected by a judgment or decree to which he was
not a party.   Brush v. Fowler, 36 Ill. 53; Leindecker v. Wal-
dron, 52 Ill. 283.   The judgments in ejectment, then, alleged
in the 5th and 7th pleas, were void in respect to the rights of
appellee, and added nothing to the strength of such pleas.

The gist of the matter, as shown by these special pleas, is that
Halloway, the holder of an overdue mortgage on the land exe-
cuted by Buzan, the mortgagor not being in possession of the
mortgaged premises either in person or by tenant, but they

being occupied by mere trespassers, who were paying rent to no one, took possession of the land, and thereupon leased it to Pat Morris, one of the trespassers. *Non constat*, that if appellee, the tenant of the mortgagor, had been permitted to remain in actual and peaceable possession, the mortgagee would have ejected him before the end of his lease. To so presume would be mere surmise, and no such presumption can be indulged in favor of *tort feasors*. And besides, intendments are not allowed for the purpose of sustaining a pleading. It would be more reasonable to presume that the mortgagee, finding the mortgaged land apparently abandoned by the mortgagor, and in the hostile occupancy of strangers, deemed it necessary for the protection of his own interests to take possession under his mortgage deed after condition broken, and lease it and apply the rents upon his mortgage debt. It is equally probable that Halloway was induced, after the appeal was taken, solely by the interference and procurement of Pat and John Morris, to claim the land for condition broken. We think these pleas presented no legal defense to the action, and that there was no error in sustaining demurrers to them.

The 5th and 6th pleas were further objectionable in that they proposed in their commencements to answer the whole of all the breaches. They were entirely irresponsive to the third breach, and no ground is pretended to be shown in them why appellee should not recover the value of the use and occupation of the quarter section of land in question from the 13th of March, 1885, the time the bond was given and appeal perfected, to the time Halloway took possession, which was on the 8th day of May following, as stated in one plea, or on the 8th day of April following, as stated in the other. There is no presumption of law that the use and occupation of the land for such periods was of no value. If a plea purports to answer the whole cause of action, but in fact answers only a part, the whole plea is bad. 1 Chit. Pl., 523; People v. Weber, 92 Ill. 288.

Objection is made to the instruction of the court in regard to the form of the verdict. It was not specified in the written motion filed for a new trial that there was any error of the

court in giving instructions.    Ottawa, O. & F. R. R. R. Co. v.
McMath, 91 Ill. 104.    Moreover, it is evident the instruction
did no harm.

The only other point made by appellants is that there was
no evidence before the jury that plaintiff had been successful
in the forcible entry and detainer suit.    It was not necessary
to introduce evidence of that fact.    The recovery of judg-
ment in the County Court was alleged in the declaration, and
was not traversed by any plea.    The plea of *non est factum*,
not sworn to, only enabled the defendants to take advantage of
any variance there might have been between the bond declared
on and that offered in testimony.    The recovery of judgment,
as stated in the declaration, stood solemnly admitted upon the
record; no evidence was needed to prove it, and the defend-
ants could not have been heard to controvert it; no inquiry in
respect to the truth or falsity of the averment in question
formed any part of the issues submitted to the jury.

We find no error in the record.    The judgment is affirmed.

*Judgment affirmed.*