## Pasquale Stillo, Appellee, v. Joseph M. Pellettieri, Appellant.

### Gen. No. 17,022.

1. LANDLORD AND TENANT—*holding over.* A tenant for a year or years, who holds over after the expiration of the term, becomes either a trespasser or a tenant at the option of the landlord.

2. LANDLORD AND TENANT—*consideration for a new lease.* A tenant under a written lease for a year claimed the right to remain in the premises after the term under a verbal agreement, that he might remain and that because relying thereon, he had made certain repairs, such as painting, had made a contract for electric lights, and had bought certain labels for use in his business. The landlord denied making the verbal agreement, the painting was done with paint that he furnished, and there was no evidence that he had any knowledge of the contract for electric lights, or of the purchase of the labels. *Held,* there was nothing done by the tenant that could be held to be consideration for a new lease, or as obligating the landlord to treat the tenant as a tenant after the expiration of the term.

3. LANDLORD AND TENANT—*when receipt of rent from tenant holding over does not continue the lease.* A receipt by a landlord of rent for the month following the expiration of a term for a year is not indicative of an election to hold the tenant for another year where a notice has been served on the tenant that the tenancy will

expire at the end of the term, and that he shall give up possession accordingly, and the tenancy on holding over is but for another month.

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

Rocco DeStefano, for appellant.

George A. B. Pfuhl, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

We are asked to reverse a judgement obtained by Pasquale Stillo, plaintiff, against Joseph M. Pellettieri, defendant, in a forcible detainer suit tried by a jury. Defendant was a tenant in the premises belonging to plaintiff, under a written lease, for a term beginning October 1, 1905, and ending September 30, 1906. Defendant claimed the right to remain in the leased premises after the term of the lease, for the reason, as alleged, that the plaintiff had verbally agreed that he might remain, and relying thereon he had made certain repairs, such as painting, had made a contract for electric lights, and had bought certain labels for use in his business. The plaintiff denied making any promises or agreements with the defendant, other than those contained in the written lease. The jury evidently gave greater credence to the testimony of the plaintiff than to that of the defendant. The painting was done in April, 1906, with paint furnished by the plaintiff, and there is no evidence that plaintiff had any knowledge of the contract for electric lights or of the purchase of labels. There was nothing done by the defendant which could be held to be a consideration for a new lease, or as obligating the plaintiff to treat the defendant as a tenant after the expiration of the term provided for in the written lease. The plaintiff did accept from the defendant the

payment of rent for the month of October, 1906, which was the month next following the last month of the term of the lease. Nothing appears in the abstract of record touching the circumstances of this payment.

On September 30, 1906, the plaintiff served the defendant with a notice in writing as follows:

"You are hereby notified that your tenancy of the following described premises, to-wit: the store floor of the three-story building commonly known as 330 West Polk street in the City of Chicago, will terminate on the 31st day of October, 1906, and you are hereby notified to give up possession of said premises accordingly.

Dated Chicago, September 30, 1906.

(Signed) PASQUALE STILLO."

Defendant remained in possession of the premises until August, 1907.

The authorities are uniform in holding that a tenant for a year or years who holds over after the expiration of the term becomes either a trespasser or a tenant, at the option of the landlord. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Directors Theological Seminary v. Chicago Veneer Co., 94 Ill. App. 492; Hately v. Myers, 96 Ill. App. 217; Goldsborough v. Gable, 140 Ill. 269; Springer v. Cooper, 11 Ill. App. 267; Taylor's Landlord and Tenant, 7th Ed., Sec. 22. And it might be that standing alone the receipt by the landlord of rent for the month following the term of the lease would be indicative of the landlord's election to hold the tenant for another year, but in this case the intention of the plaintiff must be determined by the written notice which he served upon the defendant, and from this it plainly appears that his election was not to hold the defendant as a tenant for another year but only for another month, which was his right.

The judgment is affirmed.

*Affirmed.*