Trinity Methodist Episcopal Church of Chicago, Defendant in Error, v. Marie Methodist Episcopal Church of Chicago and James M. Wheaton, Plaintiffs in Error.

Gen. No. 20,762.

1. APPEAL AND ERROR, § 1883*—*when affidavit of defense properly stricken in action on bond.* In an action on a bond on a writ of error in a forcible entry proceeding, where the affidavit of defense failed to deny a failure to prosecute the writ of error with effect or noncompliance with the judgment, the denial therein simply going to the dismissal of the writ of error from the judgment rendered against the particular defendant named in the bond, the judgment itself running not only against this defendant but others, it was *held* that the affidavit was insufficient and was properly stricken from the files.

2. APPEAL AND ERROR, § 1877*—*what not a defense in action on bond.* In an action on a bond given on a writ of error in a forcible entry proceeding, the right of the defendant, a religious corporation, to recover rents from real estate cannot be considered.

3. APPEAL AND ERROR, § 1886*—*right to have damages assessed by jury in action on bond.* Under Practice Act, sec. 59 (J. & A. ¶ 8596),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the defendant in an action upon a bond given upon the prosecution of a writ of error in a forcible entry proceeding is entitled to have the damages assessed by a jury, notwithstanding the striking out of his affidavit of defense.

4. APPEAL AND ERROR, § 1034*—*when rules not judicially noticed.* Rules of the Municipal Court will not be judicially noticed in the Appellate Court.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 29, 1915.

BRUNDAGE, LANDON & HOLT, for plaintiffs in error.

EDDY, WETTEN & PEGLER and JASPER F. ROMMEL, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit on a stay of execution bond. The bond recites a judgment obtained by the Trinity Methodist Episcopal Church of Chicago against the Marie Methodist Episcopal Church of Chicago in a forcible detainer suit, and the condition of the bond is the prosecution of a writ of error with effect and compliance with the judgment and payment of costs and rent, in case of affirmance by the Appellate Court, from which the writ of error had been sued out. Plaintiff's statement of claim alleged a breach in that the Marie Methodist Episcopal Church of Chicago had failed to prosecute with effect the said writ of error, in that said writ was dismissed by the Appellate Court, and that the defendants have not complied with the judgment and paid costs and rent as provided in said bond. To this defendants filed an affidavit of defense, which upon motion by plaintiff was stricken from the files. Defendants say this was error because by their affidavit they denied the breach alleged by plaintiff. In our

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

224    APPELLATE COURTS OF ILLINOIS.

Trinity M. E. Church v. Marie M. E. Church et al., 192 Ill. App. 222.

opinion they did not sufficiently deny it. There is no denial of a failure to prosecute the writ of error with effect or that there has been no compliance with the judgment of the court with payment of costs and rent; the denial made simply goes to the dismissal of a writ of error from a judgment rendered in the Municipal Court against the particular defendant named in the bond, the judgment itself running against not only this defendant but two others. This was not sufficient, and there was no error in striking it from the files.

The point as to the power of plaintiff, a religious corporation, to recover rents from real estate cannot be made in this suit upon the bond. *McCarthy v. Chimney Construction Co.*, 219 Ill. 616.

After the affidavit of defense was stricken and the entry of an order of default, the defendants requested the court to call a jury to assess damages, stating to the court that the damages were not liquidated. This motion was denied. Thereupon plaintiff requested that judgment be entered for $1,200 upon the statement of claim. Defendants' attorney moved the court to hear evidence as to the amount of damages to be assessed, but the court denied this motion. The court then asked the attorney for the plaintiff as to the amount of the damages, and the attorney informed the court that the damages were $1,200, whereupon the damages were assessed at this amount "and judgment entered on statement of claim for $1,200, to be satisfied upon the payment of $1,200 damages." These proceedings were erroneous. The defendants were entitled to have the damages assessed by a jury; it is so provided by section 59 of the Practice Act (J. & A. ¶ 8596). See *Mann v. Brown*, 263 Ill. 394, where it is held in effect that the only instance that might excuse the failure to assess damages by a jury, where one is demanded, is when the judgment can be "no more nor no less than the face of the bond." That is not the situation here,

where the amount to be recovered, which includes rent, can only be determined from evidence.

As to any argument based upon the rules of the Municipal Court, we reassert that we cannot take judicial notice of such rules. *Sixby v. Chicago City Ry. Co.*, 260 Ill. 478.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*