Truly Warner Company, Inc., Appellee, v. Royal Indemnity Company, Appellant.

Gen. No. 34,238.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed January 26, 1931.

MUSGRAVE, OPPENHEIM & PRICE, for appellant.

FOLLANSBEE, SHOREY & SCHUPP, for appellee; CLYDE E. SHOREY and FRED BARTH, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This suit is in sequence from *Truly Warner Co., Inc. v. Kaufman Hats, Inc.*, 248 Ill. App. 632. In that case Kaufman Hats, Inc., appealed from a judgment in favor of Truly Warner Co., entered in the municipal court of Chicago in an action of forcible detainer to secure possession of certain premises in Chicago, the property of the trustees of the estate of Levi Z. Leiter. In perfecting that appeal the Royal Indemnity Co., defendant here, signed the bond upon which plaintiff's suit is based. The suit is brought by Truly Warner Co., Inc., against the Royal Indemnity Co. alone.

Plaintiff filed a declaration to which defendant filed certain additional pleas. To these pleas a demurrer of plaintiff was sustained, defendant electing to stand by its default was entered, and damages were assessed by a jury. At the conclusion of the evidence the court peremptorily instructed the jury to find for plaintiff debt in the sum of $25,000 and damages to the same amount, and judgment in the usual form in actions of debt was entered on the verdict of the jury. That judgment defendant by this appeal seeks to reverse.

The declaration averred the beginning of the suit in forcible detainer, the entry of judgment therein in favor of plaintiff, the appeal to this court by Kaufman Hats, Inc., and the execution of the bond under

seal on May 28, 1926, by the Royal Indemnity Co., and showed that the bond was in the form required by the statute. The condition of the bond was stated to be: ". . . if said Kaufman Hats, Inc., a corporation, shall duly prosecute its said appeal with effect, and moreover pay all rent now due or that may become due before the final determination of this suit, and also all damages and loss which the plaintiff has sustained, or may sustain by reason of the withholding of the premises in controversy and by reason of any injury done or to be done thereto during said withholding until the restitution of the possession thereof to the plaintiff, together with all costs accrued or that may accrue in case said judgment is affirmed or said appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect.''

The declaration further averred the stay of the writ of restitution by virtue of this appeal bond and that Kaufman Hats, Inc., "withheld possession of the said premises from the 1st day of May, 1926, to the 1st day of January, 1928''; that the judgment was affirmed by the Appellate Court, and that "said Kaufman Hats, Inc., became and was obligated to pay to the plaintiff the rent in said writing obligatory mentioned for the premises in said complaint in the said forcible detainer proceeding mentioned, for the time said premises were withheld from the plaintiff, which rent amounted to $25,000 and still remains unpaid; whereby an action has accrued to the plaintiff to demand of the defendant, Royal Indemnity Company, a corporation, the sum of $25,000 above demanded,'' etc.

Attached to the declaration was an affidavit of plaintiff's claim which stated that the nature of its demand was for rent which became due, and interest thereon, under the provisions of the bond set up in the declaration; that the judgment in the forcible detainer action was affirmed by the Appellate Court

February 27, 1928, and that Kaufman Hats, Inc., withheld possession of the premises described in the forcible detainer proceeding from May 1, 1926, to December 31, 1927; that Kaufman Hats, Inc., had failed to pay rent for the premises for the 20 months during which it withheld possession of the said premises, and that the reasonable rental value of the premises was $25,000 for 20 months, being at the rate of $1,250 a month; that plaintiff was entitled to the possession of the premises mentioned under a lease whereby it was required to pay and did pay to the lessor as rent therefor the sum of $1,250 a month on the first day of each and every month of said term of 20 months from May 1, 1926, to December 31, 1927, making a total sum of $25,000 paid as rent during said term of 20 months, which said sum was due plaintiff from the Royal Indemnity Company.

A special demurrer of defendant to the declaration was overruled and defendant filed certain pleas which asserted that the suit in forcible detainer was based upon a certain lease made to plaintiff by the trustees of the Leiter estate, demising the premises to plaintiff for a term of five years, beginning May 1, 1926; that at the time that suit was instituted Kaufman Hats, Inc., was in possession of the premises under a lease to Benjamin H. Kaufman from the trustees of the Leiter estate, demising the premises for a term of five years beginning May 1, 1921, and ending April 30, 1926; that no contract or covenant, express or implied, other than the bond in the declaration mentioned, was ever made or existed between plaintiff and the Kaufman Hats, Inc., and that plaintiff was therefore not entitled to recover from Kaufman Hats, Inc., any rent for the time the possession of the premises was withheld.

The pleas alleged that the plaintiff was a corporation organized for profit under the laws of the State of New Jersey and was not a banking, insurance,

building and loan or surety company; that plaintiff's claim for the possession of the premises mentioned was based upon a lease, etc.; that plaintiff, on October 19, 1925, and for a long time prior thereto had been engaged in the State of Illinois in the business of selling merchandise at retail and had not procured at any time prior thereto from the secretary of state of Illinois a certificate of authority to transact business or maintain an office in this State; that it had not filed a copy of its charter, duly authenticated, and had not filed any statement with the secretary of state in compliance, or attempted compliance, with the provisions of subsection 2 of section 81 of the General Corporation Act of Illinois, Cahill's St. ch. 32, ¶ 81, subsec. (2); that thereafter and until June 19, 1926, plaintiff continued to engage in the business of selling merchandise in the State without procuring from the secretary of state of Illinois a certificate of authority to transact business or maintain an office in this State and without filing a copy of its charter duly authenticated, without filing any statement with the secretary of state in compliance or attempted compliance with the statute, and that therefore plaintiff was not entitled to recover from Kaufman Hats, Inc., any rent for the time the possession of the premises was withheld from plaintiff.

Other similar pleas further averred that the action of forcible detainer was not a suit at law or in equity within the meaning of section .94 of the General Corporation Act, Cahill's St. ch. 32, ¶ 94, whereby Kaufman Hats, Inc., was precluded from setting up as a defense in that suit the failure of plaintiff to secure a certificate of authority, to file a copy of its charter and to file any statement as required by subsection 2 of section 81 of the General Corporation Act, Cahill's St. ch. 32, ¶ 81, subsec. (2).

Defendant also filed pleas of *nil debit* and *non damnificatus*.

A demurrer to all these pleas was sustained, and defendant elected to abide by its pleas. Its default for want of plea and affidavit of merits was entered, and damages were assessed as heretofore stated, evidence being received as to the rental value of the premises.

Defendant contends that the first, second, third and fourth additional pleas, which set up in effect that no rent was recoverable, presented a meritorious defense and that the court erred in sustaining the demurrer thereto; that under the declaration the amount of plaintiff's recovery was determined by the rent reserved in the lease from the Leiter trustees, under which Kaufman Hats, Inc., was holding over; that the court therefore erred in receiving evidence as to the rental value of the premises in May, 1926; that there was no evidence before the jury as to the amount of rent provided in the lease under which Kaufman Hats, Inc., was holding over and therefore there was no evidence upon which a verdict assessing damages could be based, and that the instruction to assess the damages at $25,000 was erroneous, there being no competent or relevant evidence to support it.

We will permit defendant to state its position in its own words. It says, ''The principal contention of defendant is that plaintiff is basing its claim upon the non-payment of *rent* instead of basing it upon *damages* for the detention of the property.'' It says that the declaration alleges that the breach of the bond was nonpayment of the rent; that the special demurrer of defendant raised the point that no rent was recoverable; and that when the same point was set up by the pleas, plaintiff failed to meet these contentions either by amending its declaration or by filing a second count based upon the breach of the third condition of the bond, namely, the failure of Kaufman Hats, Inc., to pay the damage and loss which plaintiff sustained by reason of the withholding of the premises. Such amendment, defendant says, would have disposed of

the contention now made, and it is clear, defendant asserts, "that the plaintiff is endeavoring not only to collect the $25,000 provided for by the bond, but also to establish that such indebtedness is for rent due from Kaufman Hats, Inc., to plaintiff." Defendant further says that to establish in this case that $25,000 is due from Kaufman Hats, Inc., to plaintiff as rent, also establishes that the relationship of landlord and tenant existed between the plaintiff and Kaufman Hats, Inc., and will make that question *res adjudicata* in any other litigation that now exists or may hereafter exist between plaintiff and Kaufman Hats, Inc. It is stated as a fact by defendant, and admitted by plaintiff, that a suit is pending between plaintiff and Kaufman Hats, Inc., whereby plaintiff claims the right to recover a penalty for holding over provided by section 2 of the Landlord and Tenant Act, Cahill's St. ch. 80, ¶ 2. Defendant therefore says that what might otherwise appear to be a mere technicality becomes in fact a question of great importance and requests that the question raised be considered without the natural bias which might arise from the fact that defendant should be considered as endeavoring to escape a just obligation "by the unwarranted interposition of trivial defenses."

It is the theory of defendant that the assignment of a breach of the bond, in that Kaufman Hats, Inc., failed to pay rent to plaintiff, is not sustained by any competent evidence; that rent presupposes an agreement recognizing the relationship of landlord and tenant, and that in the absence of that relationship, defendant might be liable for damages for wrongful deprivation of plaintiff of the use of the premises, but that damages for such deprivation could only be recovered upon an assignment under that clause of the bond which provides that the obligors should hold plaintiff harmless from all other damages, etc.

Defendant contends that this conclusion is compelled by a consideration of the history of the law of the subject, and that this consideration is necessary if all the words and phrases of the statute are to be given some meaning, as the well-established rule of construction requires. *People v. Flynn,* 265 Ill. 414.

The legal history concerning bonds given in forcible entry and detainer proceedings would seem to be as follows:

Under the Forcible Detainer Act of 1845, original jurisdiction in this class of cases was given exclusively to the courts of justices of the peace with the right of appeal to the circuit court, such appeal to be perfected by filing a bond which should be "conditioned for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof." See Session Laws of 1845, p. 246; Revised Stats. of 1845, chap. 43, sec. 6. The act on Justices and Constables, chap. 59, sec. 59, Revised Stats. of 1845, required that the condition of an ordinary appeal bond should be:

"If the said A. B. shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, etc."

It seems that up to the passage of the Revised Statutes of 1874, there was no specific provision in either the Forcible Detainer Act or the Practice Act which covered the bond required on appeal from the circuit court to the Supreme Court in forcible detainer cases, but section 47 of chapter 83 of the Revised Stats. of 1845 provided that the bonds should be in a reasonable sum and should be conditioned "for the payment of the judgment, costs, interest and damages in case the judgment should be affirmed and also for the due prosecution of said appeal." In 1865 an amendment

to this law was enacted (see Session Laws of 1865, p. 3), which provided:

"Appeals shall be allowed to the Supreme Court from all decrees, judgments and orders of inferior courts from which writs of error might be lawfully prosecuted; and, in granting appeals, inferior courts shall direct the condition of appeal bonds with reference to the character of the decree, judgment or order appealed from."

On April 10, 1872, an act was passed revising the law with reference to forcible detainer (see Public Laws of Ill., 1871, p. 458). Under the law justices of the peace retained original jurisdiction, but by section 15 of the act a complete change was made as to the appeal bond. That statute provided, substantially as the present statute provides, that "if the defendant appeals, the condition of the bond shall be that he will prosecute such appeal with effect and pay all rent then due and that may become due before the final termination of the suit, and all damages and loss which the plaintiff may sustain by reason of the withholding of the possession of the premises and by reason of any injury done thereto during such withholding, together with all costs, etc." At the same time section 16 was added, which provided:

"The bond shall be in sufficient amount to secure such rent, damages and costs; and the court in which the appeal may be pending may require a new bond in a larger amount, and upon any continuance may require another bond to be given to secure the same."

While these changes were made with reference to the bond to be given in case of an appeal from a justice of the peace to the circuit court, no corresponding change seems to have been made in regard to appeals which might be taken from the circuit court to the Supreme Court. With the law in this condition, in the general revision of 1874, an entirely new act on forci-

ble entry and detainer was passed and former acts inconsistent therewith were repealed. This act appears in chapter 57, Revised Stats. 1874. Thereby original jurisdiction in cases of forcible entry and detainer was conferred on courts of record, as well as upon justices of the peace, and in section 19 of this act appears the identical language now found in the Forcible Detainer Act, Cahill's St. ch. 57, ¶ 20. Section 20 of chap. 57 is, it would seem, in substance a combination of secs. 15 and 16 of the act of 1872, and defendant insists that the changes made by the acts of 1872 and 1874 in the requirement of the bond to be given are significant. His contention is that in order to give a meaning to all the language of the section, it must be held that the word "rent" as used in the section, applies to sums which are payable by contract where the relation of landlord and tenant exists and the rent is fixed by an agreement, and that the words "damages and loss by reason of the withholding" refer to cases where rent, as properly defined, is not applicable; that the latter clause is therefore applicable to cases where the former landlord is endeavoring to recover a rental value in excess of the rent provided in the lease and is also applicable to all other cases where the relation of landlord and tenant did not exist. In support of his contention as to the meaning to be given to the word "rent," defendant refers to the phrase "rent then due or that may become due," and says that rent already due could, of course, only have accrued under a lease and that the same kind of obligation is referred to by "rent that may become due"; that the phrases "then due" and "that may become due" are both adjective phrases qualifying the same word, "rent." It is also said that it is quite clear that the legislature particularly had in mind in the use of the word "rent" a case where the tenancy was terminated during its term by reason of a breach and a forcible entry and detainer suit was

thereupon brought for repossession before the expiration of the term.

In support of this theory defendant cites cases holding rent is payable only when the relationship of landlord and tenant exists either by express agreement or by implication, such as *Hadley v. Morrison,* 39 Ill. 392; *Fender v. Rogers,* 97 Ill. App. 280, and *Walsh & Co. v. Taylor,* 142 Ill. App. 46, and it also cites cases holding that a landlord may at his election treat the tenant holding over as a trespasser or as a tenant, such as *Goldsborough v. Gable,* 140 Ill. 269, and urges the proposition that the election by the landlord to proceed by forcible detainer necessarily refutes any claim for implied tenancy, as stated in 2 Taylor Landlord and Tenant, 9th ed., sec. 636, note 3; *Hadley v. Morrison, supra; Weber v. Powers,* 213 Ill. 370, and *Stillo v. Pellettieri,* 173 Ill. App. 104. These cases, however, all involve facts where the question as to the relationship of the parties was directly in issue. In the present case and in all cases where suits are brought upon bonds given in forcible entry and detainer proceedings, the question of the relationship of the parties, except as obligor and obligee of the bond, is simply a collateral matter.

Defendant relies on *Shunick v. Thompson,* 25 Ill. App. 619. That was a suit brought on a bond given pursuant to section 19 of the Forcible Entry and Detainer Act. The breaches assigned were withholding the premises, etc., for which were claimed damages (1) for use and occupation, (2) rent, (3) costs, (4) attorney's fees and expenses in the suit. A demurrer of defendant to the fourth breach was sustained. As to the other breaches, the demurrer was overruled. There was a plea of *non est factum,* and the cause was tried. Verdict and judgment were for plaintiff. Defendant urged that the court erred in sustaining demurrers to the pleas, which it was argued should have been carried back to the declaration. The court said

this could not be done under the plea of *non est factum,* citing *Mix v. The People,* 86 Ill. 312, and *Culver v. Third National Bank,* 64 Ill. 528, and further:

"The condition of the bond here in question is, to pay all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy. The first breach is a good assignment of breach thereon. That breach is not to recover rent or compensation for use and occupation of the premises, but loss and damage sustained by reason of the withholding of the premises; and such loss and damage is alleged to be the value of the use and occupation of the premises during the pendency of the appeal. In *Gilliam v. Coon,* 10 Ill. App. 43, a case where the parties were not landlord and tenant, this court held that where one wilfully withholds the possession of lands from the owner who is entitled thereto, he incurs a liability for at least their reasonable rental value for the time it is so withheld."

The court in that case relied also on *Higgins v. Parker,* 48 Ill. 445, saying:

"The case is an authority to show, if any be needed, that 'use and occupation' and 'the value of the use and occupation' are not synonymous terms, as seems to be contended by appellants. Appellee was wrongfully kept out of the possession of the premises during the pendency of the appeal, and no good reason is perceived why the value of the use and occupation of the reasonable rental value during such pendency is not the correct measure of damages.

"The covenant of the condition is, to pay all damages and loss sustained by reason of the withholding; and that which he was deprived of was the use and occupation of the land, and clearly that which would compensate him and make him whole is the value of that of which he is deprived."

In *Gilliam v. Coon,* 10 Ill. App. 43, the plaintiff sued on a bond given on appeal from a judgment in forcible

entry and detainer, assigning as breaches nonpayment of costs, nonpayment of rent and damages for withholding the premises. There was a plea of *non est factum* with stipulation that evidence of any proper defense might be given. The only affirmative defense presented was by way of offset, and there was a verdict for $11.20, in favor of defendant, and judgment against plaintiff for one cent damages and for costs. The court said it was error to exclude evidence as to the rental value of the farm; that the relation of landlord and tenant did not exist between the parties to that suit at all, and for the error in excluding the evidence the judgment was reversed and the cause remanded.

Both plaintiff and defendant cite *Pierson v. Lawyer,* 225 Ill. App. 400. There the plaintiff sued on a bond given on appeal from a judgment in forcible entry and detainer, and the appeal bond omitted the statutory provision as to "all rent then due or that may become due before the final determination of the suit." The court said that while it was not good as a statutory bond, it was good as a common law obligation. The evidence showed that while the appeal was pending a large part of the premises was withheld from the plaintiff and that the plaintiff lost the use and occupation. No allowance for back rent was made, and the court stated, citing *Rehm v. Halverson,* 197 Ill. 378, that the value and use of the premises during the time the same were withheld was the measure of damages.

Defendant also cites *Higgins v. Parker,* 48 Ill. 445. There plaintiff sued on a bond given, the condition of which was not to pay rents but to pay the value of the use and occupation of the premises. It was contended that this made the bond void, but the Supreme Court held to the contrary. At that time the statute authorized the trial court to direct the condition of appeal bonds in this class of cases. It was also contended that while plaintiff sued for use and occupa-

tion, the declaration did not aver that defendants had such use, but the court said that if the action had been for use and occupation, the argument might be valid but that in an action of debt on a bond it was wholly inapplicable.

In *Rehm v. Halverson,* 197 Ill. 378, which defendant cites, the condition of the bond was that the defendant should pay all rent due and to become due and all damages, etc. The plaintiff had judgment, and it was contended on appeal that proof of use and occupation and of the value of such use and occupation did not establish such damages as were contemplated by the bond. The court said that it was proper to show the value of the use of the premises during the period in which the premises were withheld. The bond sued on was given in an appeal from the judgment of a justice of the peace. The court in that opinion cited with approval *Shunick v. Thompson,* 25 Ill. 619. It does not appear whether the contractual relationship of landlord and tenant existed, and this fact, as in other cases, seems to have been regarded as immaterial.

In *Central Investment Co. v. Melick,* 267 Ill. 564, the plaintiff brought suit against the defendant to recover rent during the time that defendant was in possession of the premises after a judgment in forcible entry and detainer had been obtained. There was a provision in the lease to the effect that the lessor should have the right of re-entry after the lessee's default, without forfeiting the lease or the right of the lessor thereunder. The court held that such a provision was valid but stated, quoting from *Grommes v. St. Paul Trust Co.,* 147 Ill. 634, that it might not be strictly accurate to call the money to be paid after the re-entry rent or to treat the lease as in force after a re-entry, but that the parties had a right to fix the amount of the rent

to accrue according to the terms of the lease as the amount of damages to be paid by the tenant in case of a breach of his covenants. The court further quoted:

" 'It can make but little practical difference whether the *sum agreed to be paid be called rent or damages*. It may be regarded as damages for the purposes of this suit. *Hall v. Gould*, 13 N. Y. 127; *Underhill v. Collins*, 132 id. 269.' "

In the exhaustive briefs which have been submitted almost every case in the Supreme and Appellate Courts of Illinois involving the construction of a bond given in a forcible entry and detainer suit seems to have been cited. It is significant that in only one of these, namely, *Pitt v. Swearingen*, 76 Ill. 250, was final judgment given against the plaintiff obligee.

In *Gilmore v. Lewinsohn*, 189 Ill. App. 546, it was held that statutes providing for such bonds should be liberally construed. In *Tomlin v. Green*, 39 Ill. 225, the court said that conditions additional to those prescribed by statute were void. All of the cases cited hold that defendant is estopped to deny the recitals of the bond. *Heilbrunn v. Ellsworth*, 190 Ill. App. 388. In *Moses v. Royal Indemnity Co.*, 276 Ill. 177, a case upon which plaintiff relies, a bond which did not comply with the statutory requirements was held good as a common law obligation.

Plaintiff, however, relies particularly upon *Rucker v. Wheeler*, 39 Ill. 436. That case was decided in 1866 when section 6 of the then Forcible Detainer Act was in force. That section provided that the bond in such case should be conditioned "for the payment of all rents becoming due, if any," etc., and such was the stated condition of the bond upon which the plaintiff sued. The declaration assigned breach for the nonpayment of rent. There was judgment for costs, but rent was disallowed on the theory that under the facts defendant was liable only for use and occupation.

The Supreme Court, however, said:

"The bond on the appeal properly covered accruing rents, and the obligors are liable, on the non-performance of its condition. Judgment therefore should have been given for the value of those rents."

Plaintiff here contends that this case is controlling and that it illustrates a well settled rule of law to the effect that when a right is given by statute, it is always proper to follow the statute both in the declaration and in the proof. Defendant, however, points out that this case has never since been cited in a forcible entry and detainer suit; that there was no attempt made in the opinion to distinguish between "damages for withholding" and "rents"; that the decision was made under the act of 1861 and that the statute at that time did not, as at present it does, carefully distinguish between rent and damages.

In *McGowan v. London & Lancashire Indemnity Co.*, 237 Ill. App. 561, the third division of this court squarely holds that the question of relationship of landlord and tenant cannot be raised by a defendant to a suit on a bond of this character. In that case the plaintiff lessor had judgment in forcible detainer, from which the defendant tenant prayed an appeal, which was allowed. Defendant tenant filed an appeal bond as provided by statute, but she did not perfect her appeal in the Appellate Court. Plaintiff made a motion to dismiss the appeal and for statutory damages, which was allowed. Suit was brought by plaintiff upon the appeal bond and upon trial she procured a judgment for $1,896. Defendant surety admitted a liability of $550 but contended that the damages included in the judgment consisted of $525 claimed by the plaintiff under the condition of the bond providing for payment of "rent until the final determination of the suit," $700 claimed by the plaintiff under the condition of the bond providing for payment of "all damages and loss which plaintiff has sustained or may

sustain, by reason of the withholding of the premises in controversy,'' etc. The opinion of the court considers each of these items and states the contention of the defendant to be that the plaintiff might not recover anything as rent under the condition of the bond during the period after August 5, 1921, ''because the relation of landlord and tenant was never in effect between the parties to the lease after that time.'' The court said:

''The fallacy of this contention is demonstrated by the simple fact that this bond was not even entered into by the defendant as surety for Mrs. Bock until August 9, 1921, four days after the plaintiff had procured her judgment for possession. If defendant's contention as to this item were to prevail, its covenant in the bond to 'pay all rent now due or that may become due before the final determination of this suit,' if Mrs. Bock failed to prosecute her appeal with effect, would be meaningless.''

In *Trinity M. E. Church v. Marie M. E. Church,* 192 Ill. App. 222, this court held (contrary to the contention of the defendant who was sued on a bond given on appeal from a forcible entry and detainer judgment):

''The point as to the power of plaintiff, a religious corporation, to recover rents from real estate cannot be made in this suit upon the bond. *McCarthy v. Chimney Construction Co.,* 219 Ill. 616.''

It would unduly extend this opinion to discuss further and in detail all the cases that have been cited by the parties. It is perhaps correct to say that the precise question which defendant here argues has not been squarely decided in any case where it was squarely raised and exhaustively argued. The history of the legislation in this State already recited indicates, we think, the intention of the legislature to grant a full and complete remedy to persons whose premises are wrongfully withheld and to preclude the

possibility of the defeat of their rights by the interposition of purely technical defenses. In ordinary language there would be no distinction between the use of the word "rent" and the payment to an owner for the use and occupation of his premises. The history of our legislation discloses no intention to adopt or continue the distinctions which arose under feudal tenures, meaningless under our different social organization. Strictly speaking, according to technical rules a judgment in forcible entry and detainer in favor of the plaintiff would end the relationship of landlord and tenant, yet the statute provides for a bond obligating the payment of rent to become due. In view of the fact that the statute must be liberally construed and in view of the fact that any other construction would render a provision of the statute meaningless, and in conformity to (we think) the better authority, we must hold that the word "rent" as used in this statute includes not alone the amount fixed by the agreement between the landlord and tenant for the use of land but also to the amount reasonably due for the use and occupation of premises.

Defendant also asserts that plaintiff cannot maintain this suit because it was a foreign corporation and had been doing business in this State contrary to the provisions of sections 80 and 94 of the Corporation Act, Cahill's St. ch. 32, ¶¶ 80 and 94. It cites *United Lead Co. v. Reedy Elevator Mfg. Co.,* 222 Ill. 199; *Ryerson & Son v. Shaw,* 277 Ill. 524; *Automotive Material Co. v. American Metal Products Corp.,* 327 Ill. 367; *Guest Piano Co. v. Ricker,* 274 Ill. 448; *Calumet, etc., Dock Co. v. Conkling,* 273 Ill. 318, and other similar cases, and in this connection defendant has printed as an appendix to its brief an excerpt from an opinion of this court in *Truly Warner Co., Inc. v. Kaufman Hats, Inc.,* 248 Ill. App. 632. The excerpt covers only one phase of this question, which was rather thoroughly discussed in that opinion. So far

as this particular case is concerned, that water has gone over the dam. On the authority of *McCarthy v. Alphons Custodis Chimney Construction Co.*, 219 Ill. 616, we hold that question cannot be raised in this collateral proceeding because upon the clearest principles defendant is estopped.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

McSurely and O'Connor, JJ., concur.